Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION,

Plaintiffs,

v.

UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE,

Defendants.

Case No. J05-0012 CV (JKS)

**PLAINTIFFS' MOTION FOR SHORTENED TIME AND EXPEDITED CONSIDERATION**

Pursuant to Local Rule 7.2(c), Plaintiffs Southeast Alaska Conservation Council, Sierra Club, and Lynn Canal Conservation hereby move for shortened time and expedited consideration on Count I of the First Amended Complaint.[1]

Shortened time and expedited consideration are necessary to minimize the ongoing harm from construction activities and to minimize the likelihood that Plaintiffs will need to seek a preliminary injunction. Alternatively, if the Court finds that Plaintiffs' proposed briefing schedule is not appropriate, Plaintiffs request a status conference to establish an expedited briefing schedule acceptable to the Court. A proposed order is attached.

Plaintiffs commenced this case on September 12, 2005. Plaintiffs previously moved for shortened time and expedited consideration on Count I for the same reasons, *i.e.*, to minimize ongoing harm and avoid preliminary injunction proceedings. Docket No. 14. On November 3, 2005, this Court granted that motion and entered an order establishing a briefing schedule similar to the one now proposed. *See* Docket No. 15.

On November 8, 2005, Defendant Army Corps of Engineers (Corps) moved for a voluntary remand of this case in order to suspend the challenged permit and conduct additional review. Docket No. 16. The Corps also moved to stay the litigation while it conducted its review. Docket No. 17. On November 14, 2005, the Court granted the Corps' motion remanding the permit to the agency. Docket No. 20.

---

[1] Counsel for Defendants has advised Plaintiffs' counsel that Defendants do not oppose the briefing schedule proposed in this motion. However, Defendants' counsel has emphasized that non-opposition to the proposed schedule should not be construed as Defendants' agreement to the characterizations and other statements made by Plaintiffs in this motion and related filings. Defendants maintain their right to contest any and all such statements, and to oppose any and all subsequent motions filed by Plaintiffs.

On March 29, 2006, the Corps reinstated the permit. *See* Pl. Ex. 1 (letter notifying Coeur Alaska that the permit is reinstated). The reinstated permit is identical to the original permit. *See id*. It still authorizes Coeur Alaska to discharge 210,000 gallons per day of a slurry of mine tailings directly into Lower Slate Lake. This authorization, which Plaintiffs allege violates the Clean Water Act, is the central issue in this case.

During the 19-week period that the permit was suspended, Coeur Alaska was prohibited from engaging in activities relating to filling waters in connection with its Corps permit. It was, however, allowed to continue with some construction activities.

As required by Local Rule 7.2(c)(1)[A], the attached declaration of counsel explains why there is now an even greater need for a shortened briefing schedule and expedited consideration, the efforts made to work out the problem with counsel for the other parties, the positions taken by the parties, and the significant dates. Plaintiffs expect that Coeur Alaska will soon cut trees to complete the construction of a road between the mill facility and Lower Slate Lake. Waldo Decl. at ¶ 4. Coeur Alaska will also build a ditch around the lake to divert spring runoff and lower the lake's water level, in preparation for the construction of a dam at the lake's outfall. *Id*. Ultimately, Coeur Alaska will use the lake as a waste disposal site for its mine tailings. *Id*.

A shortened briefing schedule and expedited consideration is therefore necessary to minimize the ongoing harm to Plaintiffs' interests. In addition, proceeding with a shortened schedule to decide the merits of Count I makes sense for four reasons.

First, Count I – whether the Corps can authorize, consistent with the Clean Water Act, the direct discharge of processed mine waste into a freshwater lake – is primarily a question of law and can therefore be briefed immediately on the basis of facts readily known to all parties, without review of the whole administrative record. All documents Plaintiffs will attach to their

Opening Brief are clearly part of the record, such as environmental impact statements and records of decision.

Second, there may be no other claims in the case. During the suspension period, the Corps revised its analysis and issued a new Record of Decision that affects the allegations in Count II of the original Complaint. As a result, Plaintiffs yesterday filed their First Amended Complaint, which drops Count II, leaving Count I as the sole claim in this case. Plaintiffs are in the process of reviewing the new decision and, if appropriate, may subsequently move to amend the complaint to raise new claims based on the Corps' revised decision. However, any additional claims may require Plaintiffs to review the administrative record prior to briefing. This could substantially delay the case. Plaintiffs will seek to file any further amended complaint in response to the revised Record of Decision no later than May 31, 2006.

Third, Count I represents the heart of this dispute, raises fundamental questions concerning the Corps' authority under the Clean Water Act, and, if resolved promptly in Plaintiffs' favor, could obviate the need for preliminary injunctive relief or even for a ruling on any other claims.

Finally, the proposed schedule will not impose any unreasonable burdens on the parties or the Court.

Accordingly, Plaintiffs propose the following schedule:

- Plaintiffs' Opening Brief on Count I is due on April 7, 2006;
- Defendants shall file the administrative record no later than April 28, 2006;
- Defendants' Opposition Brief on Count I is due on May 5, 2006;
- Plaintiffs' Reply Brief on Count I is due on May 17, 2006;
- Plaintiffs will move to file any further amended complaint in response to the revised Record of Decision no later than May 31, 2006.

In light of ongoing harm to Plaintiffs' interests, Plaintiffs request that the Court decide Count I at the earliest date allowed by the Court's calendar.

If Plaintiffs move to raise additional claims after their review of the Corps' revised Record of Decision, and the Court allows Plaintiffs to add to or amend their claims, the parties can brief those claims under the schedule provided in Local Rule 16.3 or another appropriate schedule as may be determined at that time. The Court, however, need not wait until that time to decide Count I.

If the Court finds the proposed schedule inappropriate, Plaintiffs request a status conference to discuss an alternative schedule.

Respectfully submitted this 4th day of April 2006,

/s/ Demian A. Schane

Demian A. Schane (ABA# 0403007)
Thomas S. Waldo (ABA# 9007047)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Demian Schane, certify that on April 5, 2006, a true and correct copy of PLAINTIFFS' MOTION FOR SHORTENED TIME AND EXPEDITED CONSIDERATION, with accompanying documents, was served by electronic mail to Mark Nitczynski. Courtesy copies were also served by electronic mail to Lawrence L. Hartig, John C. Berghoff, Jr., David C. Crosby, Cameron M. Leonard, Ruth Hamilton Heese, and Jim Ustasiewski.

/s/ Demian A. Schane
Demian A. Schane