John C. Berghoff, Jr., ILBA# 0181528
Michael P. Rissman, ILBA# 6194350
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600/Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mrissman@mayerbrownrowe.com

Eric B. Fjelstad, ABA# 9505020
Robert A. Maynard, ABA# 8610093
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Phone: (907) 279-8561/Fax: (907) 276-3108
efjelstad@perkinscoie.com
rmaynard@perkinscoie.com

Lawrence L. Hartig, ABA# 8310125
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK  99501
Phone: (907) 276-1592/Fax: (907) 277-4352
larry@hartig.law.pro

Attorneys for Defendant-Intervenor Coeur Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., <br><br> Plaintiffs, <br> vs. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al. <br><br> Defendants. <br> And <br><br> COEUR ALASKA, INC., a Delaware Corporation. <br><br> Defendant-Intervenor. | Case No. J05-0012 CV (JKS) <br><br><br><br><br> **COEUR ALASKA, INC.'S** <br> **MOTION TO INTERVENE** |

Coeur Alaska, Inc. ("Coeur Alaska") respectfully moves to intervene as a defendant in the above-captioned case pursuant to Federal Rule of Civil Procedure 24. Coeur Alaska seeks to intervene as of right under Rule 24(a)(2) or, in the alternative, permissively under Rule 24(b). Coeur Alaska has lodged and served its proposed Answer to the First Amended Complaint with this motion.

By this motion, Coeur Alaska seeks to intervene in the action as defendant to protect its permit and operations plan as well as defend its property interest in its mining project. Coeur Alaska's intervention would not adversely affect the schedule of this case as Coeur Alaska is prepared to join the proposed briefing schedule with respect to Count I lodged with the Court today.

Indeed, one reason Coeur Alaska seeks to intervene is to promote the prompt resolution of this lawsuit. Plaintiffs have asked for leave to further amend their amended complaint until May 31, 2006. There is no good reason to piecemeal this case as Plaintiffs propose. Plaintiffs themselves concede that their proposed schedule "[c]ould substantially delay the case." (Plaintiffs' Motion for Shortened Time and Expedited Consideration at 4.) Plaintiffs propose a schedule that is, in fact, much slower than contemplated under Local Rule 16.3. Coeur Alaska requests that, if its motion to intervene is granted, that this Court convene a status hearing to discuss a reasonable schedule for the prompt resolution of the <u>entire</u> case.[1]

---

[1]   It is unclear whether the federal Defendants have agreed to the entire schedule proposed by Plaintiffs. The declaration from Defendants' counsel (restated in the Declaration of [Plaintiffs'] Counsel at paragraph 14) states that Defendants do not oppose the "briefing schedule." Whether this includes the schedule related to a further amended pleading is unclear. A status hearing is warranted to make sure that all affected parties express their concerns regarding timing to the Court.

**INTRODUCTION**

Coeur Alaska is the sole interest holder and operator of the "Kensington Gold Project," which for the last 17 years has sought to develop the Kensington Mine located near Juneau, Alaska. The project has involved, among other things, extensive and costly efforts to obtain federal permits and approvals, including a Clean Water Act ("CWA") § 404 permit from the United States Army Corps of Engineers ("Corps") and approval of an operations plan from the United States Forest Service ("Forest Service"). The Corps issued a § 404 permit to Coeur Alaska, and the Forest Service approved Coeur Alaska's operations plan, in June 2005 .

In September 2005, the plaintiffs commenced this lawsuit by filing their Complaint, naming several federal agencies and officers as defendants. (Docket No. 1.) The Complaint alleged that in issuing the § 404 permit and approving the operations plan the Corps and the Forest Service violated various provisions of the CWA and its implementing regulations. The Complaint sought declaratory and injunctive relief that would invalidate the permit and the operations plan, significantly interfering with Coeur Alaska's project.

Coeur Alaska quickly moved to intervene. (Docket No. 2.) Plaintiffs filed a response in which they stated that they did not oppose the motion to intervene. (Docket No. 8.)

In November 2005, the federal defendants moved to remand the § 404 permit to the Corps, (Docket No. 16.) and this Court granted that motion. (Docket No. 20.) The Court also denied Coeur Alaska's motion to intervene as moot. (Docket No. 20.) The Corps suspended the § 404 permit on November 22, 2005.

On March 29, 2006, the Corps reinstated the § 404 permit as modified. Plaintiffs moved to reopen the case, unopposed by the federal defendants, on April 4, 2006. (Docket No. 26). On April 4, 2006, the plaintiffs also filed a First Amended Complaint. (Docket No. 27). The First

Amended Complaint seeks declaratory and injunctive relief that would invalidate the permit and the operations plan, significantly interfering with Coeur Alaska's project.

Coeur Alaska therefore seeks leave to intervene as a defendant for all purposes, in order to fully protect its interests and to expedite resolution of this lawsuit.

## ARGUMENT

**I.  Coeur Alaska Should Be Allowed to Intervene as a Matter of Right.**

Intervention as of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure which provides in pertinent part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). In interpreting Rule 24(a), the Ninth Circuit has consistently held that a motion to intervene as a matter of right should be granted where: (1) the application for intervention is timely; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the existing parties may not adequately represent the applicant's interest. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir. 2001) (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996)); accord United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002). Courts "construe Rule 24(a) liberally in favor of potential intervenors." Berg, 268 F.3d at 818. Further, courts are to accept as true all of the applicant's well-pleaded allegations in support of its motion.

Berg, 268 F.3d at 820. In the instant case, all of the requisite elements are present so that Coeur Alaska is entitled to intervene as a matter of right.

      **A.**      **Coeur Alaska's Motion to Intervene is Timely.**

In determining the timeliness of a motion to intervene, a court should consider all the circumstances of the case. NAACP v. New York, 413 U.S. 345, 366 (1973). Three factors are particularly relevant in such an analysis: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the reason for and length of the delay, if any; and (3) prejudice to other parties. United States ex rel. McGough v. Covington Techs. Co., 967 F.2d 1391, 1394 (9th Cir. 1992).

In the matter at hand, Coeur Alaska has interposed its motion to intervene before any substantive action has been taken in the case. Plaintiffs filed their complaint on September 12, 2005. (Docket No. 1.) Coeur Alaska first sought to intervene less than three weeks later, before the defendants filed an answer. (Docket No. 2.) Now that this case is again active in this Court, Coeur Alaska again promptly seeks to intervene. Because there has been no delay in Coeur Alaska's motion to intervene, and no substantive action taken in the case, no party can claim to have suffered any prejudice. Since the case is still in its infancy and the parties will therefore not suffer any prejudice, Coeur Alaska's motion to intervene is timely filed. See Sierra Club v. United States EPA, 995 F.2d 1478, 1481 (9th Cir. 1993) (acknowledging timeliness where "[t]he application for intervention was made at the outset of the litigation, before the EPA had even filed its answer").

Further, Coeur Alaska is prepared to join the proposed briefing schedule filed today with respect to resolution of Count I. Therefore, Coeur Alaska's intervention would not delay resolution of that motion.

B.  **Coeur Alaska Has a Significant Protectable Interest in the Subject Matter of the Litigation**.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." City of Los Angeles, 288 F.3d at 398. "The 'interest test' is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1496 (9th Cir. 1995) (citations and internal quotations omitted).

It is well-settled in the Ninth Circuit that Coeur Alaska has a protectable interest in its § 404 permit and its approved operations plan. In Sierra Club, for example, the court held that the City of Phoenix had a protectable interest in its CWA discharge permits, which were the subject of a lawsuit brought by various conservation groups against the EPA. 995 F.2d at 1485-86. The court explained that "[b]ecause the [Clean Water] Act protects the interest of a person who discharges pollutants pursuant to a permit, and the City owns such permits, the City has a 'protectable interest.'" Id. Accordingly, the City was allowed to intervene by right and defend its permits. Like the City in Sierra Club, Coeur Alaska also has the status of a CWA permit holder with approvals from the Corps. Coeur Alaska has an interest in its ability to discharge fill material—as allowed by its permit—and that interest is protected by the CWA. Furthermore, as in Sierra Club, the resolution of the permit dispute has a direct bearing on the use of the proposed intervenor's property interest. Id. at 1485 ("It is one thing to hold that only the government can be a defendant in a NEPA suit, where the statute regulates only government action, but quite another to exclude permit-holding property owners from a Clean Water Act suit, where the statute directly regulates their conduct."). In other words, just as the resolution of the CWA

permit dispute in Sierra Club directly affected how the City could operate its water treatment plants, so will the resolution of the challenged § 404 permits here dictate what use Coeur Alaska may make of its mining interests.

Similarly, in Berg, the Ninth Circuit found that a construction company and several building trade associations had a protectable interest in certain plans and agreements between the City of San Diego and the United States Fish and Wildlife Service ("FWS").  268 F.3d at 820-22. The plans and agreements permitted construction activities which allegedly violated certain provisions of the Endangered Species Act.  Id. at 814.  Because the conservationist-plaintiffs' challenge to the plans and agreements between the City and FWS would hinder the construction company's proposed building projects, the court agreed that the company had a sufficiently protectable interest in the litigation to intervene.  Id. at 820.  Like the construction company and building trade associations in Berg, Coeur Alaska has an interest in the operations plan which the Forest Service has approved.

Even more generally though, Coeur Alaska has such significant property and economic interests at stake in this litigation to warrant intervention.  Coeur Alaska has secured mining rights to the Kensington project, involving both patented and unpatented mining claims in the Kensington and Jualin mining districts, collectively totally over 10,500 acres of property.  The plaintiffs in this action seek to invalidate Corps and Forest Service decisions that will directly affect how Coeur Alaska can use its property and operates its business.  As such, Coeur Alaska's property interest alone supports its right to intervene.  See Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 998 (8th Cir. 1993) (applicants had a right to intervene because the litigation involved the rights of a band of Indians to use property owned by the applicants, and the applicants had an interest in protecting their property values); see also

Conservation Law Found. of New England, Inc. v. Mosbacher, 966 F.2d 39 (1st Cir. 1992) (granting fishing groups leave to intervene when their economic interests were threatened by a suit concerning promulgation of fishing regulations); Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994) (finding that proposed intervenors met interest requirement because they had "a financial interest in the ability to use the less expensive even-aged harvesting methods").

C.  **As a Practical Matter, Disposition of This Action May Impair or Impede Coeur Alaska's Ability to Protect Its Interests.**

Whether the disposition of the action may impede or impair the applicant-intervenor's interests is a practical consideration: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Berg, 268 F.3d at 822 (quoting Fed R. Civ. P 24, Advisory Committee's note).

Here, plaintiffs' first amended complaint directly attacks Coeur Alaska's protectable interests. Plaintiffs seek declaratory and injunctive relief invalidating Coeur Alaska's § 404 permit and its operations plan. See First Amended Complaint, Prayer for Relief p. 16-17. It is no answer that Coeur Alaska may have the opportunity to later request a new § 404 permit and submit a new operations plan, because the Corps and the Forest Service will likely be constrained in any future decision-making by the results of this litigation. See Sierra Club, 995 F.2d at 1486. Furthermore, the practical effect of plaintiffs' requested relief, if granted, may be to delay and frustrate Coeur Alaska's project, if not terminate it altogether. The only way for Coeur Alaska to effectively protect its business and property interests is to take part in the pending challenge to those interests in this litigation.

D.   **Coeur Alaska's Interests Are Not Adequately Represented by the Named Defendants.**

In evaluating the adequacy of an existing party to represent the applicant-intervenor, courts consider whether the interest of the existing party is such that it will "undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements of the proceedings that other parties would neglect." Forest Conservation Council, 66 F.3d at 1498-99 (citations omitted).  While the applicant-intervenor shoulders the burden of showing inadequate representation, that burden is "minimal: it is sufficient to show that representation may be inadequate." Id. at 1498 (emphasis in original).

As demonstrated, Coeur Alaska has several significant interests in this case: its § 404 permit and its operations plan, its substantial investments of time and money in the current project, and its aspiration to secure a productive use of its property interest in the future.  No party adequately represents these interests.  For their part, plaintiffs want to invalidate Coeur Alaska's permit and its operations plan altogether, and block its ability to develop the mine.  And while the Corps, the Forest Service and Coeur Alaska may share an ultimate objective of defending the agencies' regulations and decisions, sharing such ultimate objectives does not guarantee that the agencies' representation is adequate.  See Berg, 268 F.3d at 823.  The Corps and the Forest Service are charged with representing the broad public interest, not the particular interest of an individual permittee.

In similar circumstances, the Ninth Circuit held that because the government's interests are necessarily broad, its representation of an individual permittee is deemed inadequate.  See Berg, 268 F.3d at 823-24; see also Espy, 18 F.3d at 1208 (finding representation inadequate where "[t]he government must present the broad public interest, not just the economic concerns

of the timber industry."); Forest Conservation Council, 66 F.3d at 1499 (finding that the Forest Service did not adequately represent the economic and other interests of state and county in action seeking to enjoin all forest management activities in national forest).[2]  Inherently, the interests of the regulator are different from the interests of the regulated entity, Coeur Alaska.

Furthermore, Coeur Alaska has been involved in this mining project for over a decade and a half and has played a direct and active role in developing the project in general and the contested plans and permits in particular.  Coeur Alaska has been involved in the permitting of the project for approximately 17 years.  Coeur Alaska will furnish the Court with a unique and perhaps indispensable perspective not otherwise represented by the parties in this case.  See Sierra Club, 995 F.3d at 1483 (allowing intervention of right to permit holder and explaining: "the adversary process can function only if both sides are heard.")

Coeur Alaska also has an interest in prompt resolution of the entire case.  Plaintiffs have proposed a schedule which they concede "could substantially delay the case."  Plaintiffs' Motion for Shortened Time and Expedited Consideration at 4.  Coeur Alaska's interest in preventing this type of delay, and achieving prompt resolution of the entire lawsuit, is necessarily more acute than the federal defendants' interest in expedience.

## II.     Coeur Alaska Should Be Allowed Permissive Intervention

Permissive intervention is governed by Rule 24(b) of the Federal Rules of Civil Procedure which provides in pertinent part:

---

[2]      Courts and commentators share the Ninth Circuit's view in this regard.  See Mille Lacs, 989 F.2d at 1000-01 (finding that, because the county's and landowners' "local and individual interests" were not shared by the general state citizenry, the State would not adequately represent those interests); Mosbacher, 966 F.2d at 44-45 (noting that "[t]he Secretary's judgments are necessarily constrained by his views of the public welfare."); 3B Moore's Federal Practice, ¶ 24.07[4] at 24-78 (2d ed. 1995) ("Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public.").

> **(b) Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed. R. Civ. P. 24(b)(2). "Unlike Rule 24(a), a significant protectable interest is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenors claim or defense and the main action have a question of law or fact in common." Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002). It is clear that the existing defendants' and Coeur Alaska's defenses to the challenged § 404 permit and operations plan share common questions of law and fact: Coeur Alaska will seek to defend against the claims asserted in the first amended complaint. See Eyak Preservation Council v. United States Forest Service, No. A03-180CV, 2003 WL 24085349 (D. Alaska, Dec. 9, 2003) (slip copy) (finding applicant-intervenor's assertion that the Forest Service complied with NEPA "raise[d] questions of fact and law which are common to the defense raised by the Forest Service."); Arkansas Nature Alliance, Inc. v. United States Army Corps of Engineers, Slip No. 4:05CV00622, 2005 WL 2095701 at *3 (E.D. Ark., Aug 29, 2005) (finding common questions of law and fact involved in plaintiffs' suit "to have the [CWA] permit that was issued to [applicant-intervenor] to build the proposed development declared null and void" and also noting that intervenor's "perspective, enhanced by providing documentation considered by defendants in the decision-making process that resulted in the issuance of that permit, will be able to assist the Court in resolving the issues presented.").

Accordingly, if the Court finds that Coeur Alaska may not intervene as a matter of right, it should allow such intervention permissively.

**CONCLUSION**

For the reasons stated above, Coeur Alaska respectfully requests that it be granted leave to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, that it be granted leave to intervene permissively under Rule 24(b). Further, Coeur Alaska respectfully requests that this Court convene a status conference to discuss the schedule in this case.

DATED this 5th day of April, 2006

>MAYER, BROWN, ROWE & MAW LLP
>Attorneys for Defendant-Intervenor
>COEUR ALASKA, INC.
>
>s/ John C. Berghoff, Jr.
>John C. Berghoff, Jr., ILBA# 0181528
>Michael P. Rissman, ILBA# 6194350
>71 South Wacker Drive
>Chicago, IL  60606
>Phone: (312) 782-0600
>Fax: (312) 701-7711
>jberghoff@mayerbrownrowe.com
>mrissman@mayerbrownrowe.com

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2006, a true and correct copy of the foregoing was served electronically on Demian A. Schane and Thomas S. Waldo (representing plaintiffs) and Mark Nitczynski and Richard L. Pomeroy (representing federal defendants).  A courtesy copy was also sent by email to David C. Crosby, Cameron M. Leonard, Ruth Hamilton Heese, and Jim Ustasiewski.


s/ John C. Berghoff, Jr.
John C. Berghoff, Jr.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600
Fax: (312) 701-7711
Email: jberghoff@mayerbrownrowe.com
ILBA# 0181528