Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 24085349 (D.Alaska)
**(Cite as: 2003 WL 24085349 (D.Alaska))**

Only the Westlaw citation is currently available.

United States District Court,
D. Alaska.
EYAK PRESERVATION COUNCIL, et al.,
Plaintiffs,
v.
THE UNITED STATES FOREST SERVICE,
Defendant.
**No. A03-180CV(JWS).**

Dec. 9, 2003.

*ORDER FROM CHAMBERS*

SEDWICK, J.

[Re: Motion at docket 4]
*I. MOTION PRESENTED*
**\*1** At docket 4, Chugach Alaska Corporation
("Chugach") moves to intervene as a defendant in this
action. Chugach asserts that it has a right to intervene
in the remedial phase of the litigation pursuant to
Rule 24(a)(2), and requests permission to intervene in
the liability phase pursuant to Rule 24(b)(2).
Chugach's right to intervene in the remedial phase is
not contested, but plaintiffs oppose Chugach's request
for permission to intervene in the liability phase.
Defendant has not opposed the motion. Oral
argument has not been requested and would not assist
the court.

*II. BACKGROUND*
 Plaintiffs filed this action to challenge the defendant
United States Forest Service's decision to issue a
finding of no significant impact and a special use
permit allowing Cassandra Energy Corporation--
which is operating under an agreement with
Chugach--to conduct certain oil and gas drilling and
related activities in the Katalla area within the
Chugach National Forest. Chugach, an Alaska Native
regional corporation created pursuant to the Alaska
Native Claims Settlement Act, holds conditional
rights to develop oil and gas production in the Katalla
area. Those rights will revert to the United States on
December 31, 2004, unless Chugach sooner drills a
well capable of producing in paying quantities.
Plaintiffs ask the court to declare that the Forest
Service has violated the National Environmental
Policy Act ("NEPA"), to vacate the permit issued to

Cassandra, and to enjoin issuance of any further
authorization until the Forest Service complies with
NEPA.

*III. STANDARD OF REVIEW*
 Chugach's request to intervene in the liability portion
of this action is governed by Rule 24(b)(2) which
provides in pertinent part:
  Upon timely application anyone may be permitted
  to intervene in an action: ... when an applicant's
  claim or defense and the main action have a
  question of law or fact in common. * * * In
  exercising its discretion the court shall consider
  whether the intervention will unduly delay or
  prejudice the adjudication of the rights of the
  original parties.
 In opposing Chugach's request, plaintiffs contend
that because the interest Chugach seeks to protect is
an economic interest, rather than an environmental
value within the scope of NEPA, the court may not
grant Chugach's request to intervene in the liability
phase, citing *Wetlands Action Network v. Army Corp
of Engineers* [FN1] and *Churchill County v. Babbitt.*
[FN2] Plaintiffs also assert that the Forest Service is
vigorously and expeditiously defending the action
and that Chugach's defenses to plaintiffs' claims do
not involve questions of law and fact common to
those raised by the Forest Service.

    FN1. 222 F.3d 1105 (9th Cir.2000).

    FN2. 150 F.3d 1072 (9th Cir.1998).

 Plaintiffs reliance on *Wetlands Action Network* and
*Churchill County* is misplaced. In both cases the
court of appeals was addressing intervention of right
pursuant to Rule 24(a). [FN3] Cases applying Rule
24(a) are "not controlling as to the analysis under
Rule 24(b)...." [FN4]

    FN3. *Wetlands* at 222 F.3d 1113-1114;
    *Churchill* at 150 F.3d 1082-83.

    FN4. *Kootenai Tribe of Idaho v. Veneman,*
    313 F.3d 1094, 1109 (9th cir.2002).

 **\*2** Plaintiffs' assertion that Chugach would present
no defense which includes a question of fact or law in
common with those raised by the original litigants
demands consideration, for absent a common issue
permissive intervention would be improper. [FN5]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2003 WL 24085349 (D.Alaska)
**(Cite as: 2003 WL 24085349 (D.Alaska))**

According to its motion to intervene, Chugach will "assert that the Forest Service complied with NEPA and that all but one of the plaintiffs failed to exhaust administrative remedies." [FN6] Such defenses would raise questions of fact and law which are common to the defenses raised by the Forest Service. [FN7] It follows that permissive intervention is available. The question is whether the court should exercise its discretion to permit intervention.

FN5. *Id.* at 1111.

FN6. Doc. 4 at 13.

FN7. Doc. 2 at 12-13

Rule 24(b)(2) includes only two express standards applicable to the court's exercise of discretion. First, the court must consider whether allowing intervention would delay the litigation. Plaintiffs do not assert that intervention would promote delay. Indeed, given the peculiar facts of this case, it is clear that Chugach would do everything it can to avoid delay. Second, the court must consider whether Chugach's intervention will prejudice the rights of the original litigants. Plaintiffs have not argued that intervention will prejudice their rights. Defendant has not opposed the request to intervene. The court has not independently divined any prejudice which might arise from allowing Chugach to participate.

The court does not believe that the two enumerated considerations are the only factors which could ever be relevant to the exercise of discretion under Rule 24(b). For example, plaintiffs assert that the interests which Chugach seeks to protect are being adequately represented by the Forest Service. This is a relevant factor in the court's view. Moreover, in general the court is inclined to agree with plaintiffs' characterization. Nevertheless, there is an additional consideration which weighs heavily in favor of permitting intervention.

If the Forest Service is unsuccessful, Chugach's development rights will not merely be diminished or delayed, they will be transferred to the United States. Without suggesting that this possibility would actually diminish the efforts made by the Forest Service and its lawyers to defend against plaintiffs claims, there is no doubt that a victory by plaintiffs might be perceived by the Alaska Native people represented by Chugach as having been influenced in part by the United States' failure to assiduously protect their interests. The Native people of the Chugach region and the Forest Service have an on-

going relationship to the land within the Chugach National Forest which is critical both to the Native people and to the Forest Service. Promoting trust and avoiding the creation of suspicion is important to the relationship. Allowing Chugach to intervene will eliminate a possible source of suspicion and doubt should plaintiffs prevail in this action and a sense of mutual respect should the Forest Service prevail.

### *V. CONCLUSION*

**\*3** For the reasons set forth above, the motion at docket 4 is GRANTED. Chugach Alaska Corporation may intervene as of right pursuant to Rule 24(a) in the remedial phase of this action, and in the exercise of this court's discretion may intervene pursuant to Rule 24(b)(2) in the liability phase.

Not Reported in F.Supp.2d, 2003 WL 24085349 (D.Alaska)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.