

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 2095701 (E.D.Ark.)  
**(Cite as: 2005 WL 2095701 (E.D.Ark.))**

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Arkansas, Western Division.
ARKANSAS NATURE ALLIANCE, INC., et al.
Plaintiffs
v.
UNITED STATES ARMY CORPS OF
ENGINEERS, et al. Defendants
No. 4:05CV00622 GH.

Aug. 29, 2005.

Richard H. Mays, Attorney at Law, Heber Springs, AR, for Plaintiffs.

Daniel G. Steele, U.S. Department of Justice, Washington, DC, E. Fletcher Jackson, U.S. Attorney's Office, E. B. Chiles, IV, John E. Tull, III, Quattlebaum, Grooms, Tull & Burrow PLLC, Little Rock, AR, Andrew H. Dallas, Andy L. Adams, Denzil Price Marshall, Jr., Barrett & Deacon, Jonesboro, AR, for Defendants.

*ORDER*

HOWARD, J.

**\*1** Plaintiffs filed a complaint on April 20th and an amended complaint on May 19th adding two more plaintiffs. The plaintiffs seek declaratory and injunctive relief against the Corps of Engineers ("COE") for failure to comply with the National Environmental Policy Act ("NEPA") and implementing regulations, including under the Clean Water Act ("CWA"), in the development and issuance of the March 28th Finding of No Significant Impact and the April 18th permit to the Belz-Burrow Development Group ("BBDG") for a project entitled "The Shoppes at North Hills" to be located in the "Dark Hollow" site in North Little Rock.

On June 27th, BBDG filed a motion to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2) or, alternatively, with permission under Rule 24(b). By order filed on July 11th, the motion was granted. On July 13th, plaintiffs moved for an extension to respond to the motion to intervene. BBDG's answer to the amended complaint was filed on July 14th.

By order filed on July 15th, the Court granted plaintiffs the requested extension of time noting that the Court had acted prematurely and unaware of plaintiffs' desire to oppose intervention and stating that it would reconsider the issue after plaintiffs responded. Plaintiffs responded in opposition on July 25th and BBDG filed a reply on July 28th. Upon Judge Eisele's recusal, the case was reassigned to the undersigned on July 28th.

BBDG contends that its interest are at the hub of the complaint, it has ready plans to build a retail and entertainment complex on the property in which it holds a legal interest and with a permit from the COE making it possible to develop that property, and the lawsuit directly challenges its right to use its property by seeking to void the development permit and enjoin the development plans. It continues that its interest may be impaired by the outcome of this case which could jeopardize more than one million dollars that it has already invested in securing the property and its development rights and that the government cannot adequately represent its interests since its interests are protecting its property rights and investment which are narrower than those of the government in protecting the public.

BBDG asserts that it satisfies the three criteria to intervene as a matter of right as it has an interest in the subject of the lawsuit, the disposition of the lawsuit has the potential to impair or impede its ability to protect its interest and its interest is not represented adequately by the COE. As to the first factor, BBDG states that it has a substantial property interest at stake as it has contracts to purchase certain portions of the North Hills property with an option to purchase other portions, it has already spent hundreds of thousands of dollars maintaining these interests and continues to add to the value of that investment every day, and it has spent hundreds of thousands dollars working with the COE to obtain the 404 permit needed to develop the property. BBDG contends that it meets the second factor as plaintiffs' goal is to stop it from building The Shoppes on the property so that if plaintiffs succeed, the practical effect would be its loss of its substantial investment in the property and the project so this is the only forum to defend its permit, its property values, and its

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2005 WL 2095701 (E.D.Ark.)
**(Cite as: 2005 WL 2095701 (E.D.Ark.))**

right to build the project. Turning to the third factor, BBDG asserts that it has a distinct and personalized interest that the COE cannot protect since it has a more narrow and distinctly personal interest in the litigation than the COE as its desires to protect its property and financial interests and the work it performed to secure its 404 permit while the COE represents the general interest of the public at large and so the COE could attempt to resolve this case in a manner inconsistent with construction deadlines or development requirements imposed by project tenants.

**\*2** To the anticipated argument that intervention is *per se* barred in NEPA cases, the BBDG declares that the Eighth Circuit has not adopted the Ninth Circuit's holding; this district has consistently held that private parties may intervene in NEPA cases; the Eighth Circuit already adds a heightened element for intervening when the government is named as a defendant; and here the lawsuit also raises claims under the CWA.

Alternatively, BBDG argues that it should be allowed permissive intervention since there are common questions of law and fact and it will not be able to protect its property interest unless it is permitted to intervene.

In their July 25th response, plaintiffs contend that BBDG does not possess a "significantly protectable interest" in the subject matter of this litigation to support standing or entitlement to intervention. They state that as BBDG does not actually own the land, its interest is a contract to purchase and an option to purchase--the conditions of which are currently unknown--but it appears that the interest in acquiring the land is contingent not only in the issuance of a valid COE permit to fill the wetlands but also the establishment of the area as a Tax Increment Financing ("TIF") district and a mere contract or option to purchase property does not vest the prospective purchaser with a property interest providing standing in federal court. Plaintiffs assert that an economic interest alone does not entitle intervention challenging the COE's compliance with its duties under NEPA. They continue that the practical effect of this lawsuit will have no effect upon the property values or use of the Dark Hollow property since the appropriate remedy if plaintiffs succeed is a remand back to the COE to enable it to conduct further activities regarding the permit application in accordance with the requirements of NEPA. Plaintiffs also argue that there is a presumption of adequate representation of individuals by the government agency and BBDG's answer does not even mention economic interest which it is asserting in this motion.

Moreover, plaintiffs contest permissive intervention arguing that the same standards should also be used as guidance and that an intervenor has all the rights of the original parties making the litigation more cumbersome and being able to block settlement. They suggest that the Eighth Circuit's position is not significantly different from the Ninth Circuit since a purely economic interest is not a significantly protectable interest.

In its July 28th reply, BBDG asserts that its interests are the stimulus for this litigation as it has been planning the development that plaintiffs seek to stop for more than two years, it owns an option to purchase and has contracts to purchase the North Hills property, and it owns the 404 permit making it lawful to build on the property. BBDG states that if there were not an agreement between plaintiffs and BBDG that it would not exercise its legal interests in the property temporarily, plaintiffs would have been seeking to restrain and enjoin BBDG from exercising its rights. While noting that it does have financial interests, BBDG continues that it has direct interests in the property and the COE's permit action. BBDG states that it provided to the COE, through its consultants, charts, data, calculations and studies that were scrutinized in the decision-making process and that plaintiffs are seeking more than a remand as they are asking that the permit be taken away.

**\*3** Just two years ago, the Eighth Circuit reviewed the standard for the right of intervention in *South Dakota ex rel Barnett v. U.S. Dept. of Interior,* 317 F.3d 783, 785 (8th Cir.2003) as follows:

Rule 24 provides that:
  [u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Fed.R.Civ.P. 24(a). In short, the Rule provides that a party seeking mandatory intervention must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 2095701 (E.D.Ark.)
**(Cite as: 2005 WL 2095701 (E.D.Ark.))**

by the existing parties. *Chiglo v. City of Preston, 104 F.3d 185, 187* (8th Cir.1997). A proposed intervenor must satisfy all three conditions to intervene as a matter of right. *Id.*

Later in that same opinion at 787-788, the appellate court stated:

Rule 24(b) provides that:
[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed.R.Civ.P. 24(b).
* * * *
The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights. *United States v. Pitney Bowes, Inc., 25 F.3d 66, 73* (2 nd Cir.1994); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 379.

The Court finds that there are indeed common questions of law and fact involving BBDG's defense and the action between plaintiffs and the current defendants as plaintiffs seek to have the permit that was issued to BBDG to build the proposed development declared null and void. In addition, the Court finds that the intervention of BBDG will not unduly delay or prejudice the adjudication of the rights of the original parties and that BBDG's perspective, enhanced by providing documentation considered by defendants in the decision-making process that resulted in the issuance of that permit, will be able to assist the Court in resolving the issues presented. The COE defendants have not opposed BBDG's intervention and BBDG's actions in pursuing its involvement in this litigation have been diligent.

As the Court is persuaded that BBDG should be permitted to intervene under Rule 24(b), it is not necessary that the Court address the issue of intervention as a matter of right. [FN1]

> FN1. The Court notes that the following Eighth Circuit cases involving NEPA reflect intervenors: *Voyageurs Nat. Park Ass'n v. Norton, 381 F.3d 759* (8th Cir.2004) and *Heartwood, Inc. v. U.S. Forest Service, 380 F.3d 428* (8th Cir.2004). In addition, the Court notes that in an opinion involving NEPA issued by the Ninth Circuit just last week, there were two intervenors in the case of *Natural Resources Defense Council, Inc. v. National Marine Fisheries Service, --- F.3d ----, 2005 WL 2029863 (9th Cir.2005).* Other recent cases reflecting intervenors in NEPA cases are *City of Shoreacres v. Waterworth, --- F.3d ----, 2005 WL 1864251 (5 th Cir.2005)* and *Natural Resources Defense Council, Inc. v. U.S. Army Corps of Engineers, 2005 WL 1863670 (S.D.N.Y.2005).*

**\*4** Accordingly, after reconsidering the July 11th order granting BBDG's motion to intervene, the Court finds that BBDG should remain as an intervenor in this case.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2005 WL 2095701 (E.D.Ark.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 3232936 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Response to Intervenor's Motion in Limine (Oct. 31, 2005)

• 2005 WL 3232934 (Trial Motion, Memorandum and Affidavit) Brief in Support of Plaintiffs' Motion for Summary Judgment and for Permanent Injunction (Oct. 02, 2005)

• 2005 WL 2806961 (Trial Pleading) Defendants' Answer to Second Amended Complaint for Declaratory and Injunctive Relief (Sep. 13, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.