David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Telephone: (907) 586-6262
Facsimile: (907) 586-5959
E-mail: crosbylaw@gci.net

Attorney for Intervenor-Defendant
Goldbelt, Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; et al., <br><br> Defendants, and <br><br> COEUR ALASKA, INC., a Delaware Corporation, <br><br> Defendant-Intervenor. | Case No. J05-0012 CV (JKS) <br><br> **MEMORANDUM IN SUPPORT OF GOLDBELT, INCORPORATED'S APPLICATION FOR LEAVE TO INTERVENE PURSUANT TO RULE 24(a)(2) OR RULE 24(b)** |

I.   INTRODUCTION.

Goldbelt, Incorporated ("Goldbelt"), applies for permission to intervene as a matter of right pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2) or, in the alternative, by permission of the Court pursuant to Rule 24(b).

Goldbelt is organized pursuant to the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1613(h)(2), to hold and

manage settlement lands and assets on behalf of the Tlingit Indians of Juneau. It is the owner of the land at Cascade Point designated in Coeur Alaska, Inc.'s ("Coeur's) approved Plan of Operations as a marine terminal for transportation of mine workers from the Juneau road system across Berners Bay to the Kensington Mine site.[1]  Goldbelt has been issued a permit pursuant to Section 404 of the Clean Water Act to build the terminal by the United States Army Corps of Engineers ("the Corps"), as well as a conditional use permit by the City and Borough of Juneau ("CBJ"). Both permits restrict use of the facility to a single vessel to ferry Kensington Mine workers.[2]

 Plaintiffs ask the Court to, among other things, invalidate Goldbelt's 404 permit. If they succeed, they will, as a practical matter, effectively preclude use of Goldbelt's lands for marine terminal purposes. None of the present or prospective parties to this litigation will adequately represent Goldbelt's unique property interests. Accordingly, Goldbelt is entitled to intervene as a matter of right.

 In the alternative, Goldbelt and its shareholders, as the aboriginal owners and present day subsistence users of Berners Bay, can provide a perspective and information that no other

---

[1]  Declaration of Joe Kahklen ("Kahklen Decl."), ¶¶ 6, 7.

[2]  Kahklen Decl. ¶¶ 11, 12.

litigant can offer.  Accordingly, Goldbelt should also be permitted to intervene pursuant to Rule 24(b).

II.  BACKGROUND FACTS.

The Plan of Operations approved for the Kensington Mine in 1998 called for accessing the mine from a Comet Beach dock, exposed to the severe weather conditions of Northern Lynn Canal. Workers would have been transported to the mine site by helicopter and housed in shifts on site.  In 2001 Coeur submitted a revised Plan of Operations, one of the principal reasons for which was to "provide more reliable transportation and access by improving worker safety during transit to the site and eliminating shipping delays related to weather and sea conditions at Comet Beach."  KENSINGTON GOLD PROJECT, FINAL SUPPLEMENTAL ENVIRONMENTAL IMPACT STATEMENT, vol. 1, page 1-4.

To accomplish these objectives, Coeur proposed to shift mine access to a marine terminal on the protected waters of Slate Creek Cove within Berners Bay and to ferry mine workers to the site from a second marine terminal to be constructed on Goldbelt's land at Cascade Point.  Since Cascade Point could be linked to the Juneau road system, Coeur would no longer be required to house workers on site.

Working in close cooperation with Coeur, and in reliance on Coeur's proposed Plan of Operations, Goldbelt applied to the Corps for a permit pursuant to Section 404 of the Clean Water Act to construct a marine terminal at Cascade Point. Goldbelt also applied to the City and Borough of Juneau to obtain a Conditional Use Permit ("CUP") for the facility.[3]

The plaintiffs in this litigation have a well-documented history of opposing any and all plans for use of Goldbelt's property at Cascade Point.[4] At the plaintiffs' insistence, CBJ inserted a condition in Goldbelt's CUP restricting use of the marine terminal to a single ferry to shuttle mine workers to the Kensington site.[5] The U.S. Army Corps of Engineers subsequently inserted a similar condition in Goldbelt's 404 permit.

III. GOLDBELT IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a)(2).

Rule 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may

---

[3]   Kahklen Decl. ¶¶ 11, 12.

[4]   Kahklen Decl. ¶¶ 9, 10.

[5]   Kahklen Decl. ¶ 12.

>    as practical matter impair or impede the
>    applicant's ability to protect that interest,
>    unless the applicant's interest is adequately
>    represented by existing parties.

The rule is construed liberally in favor of potential intervenors. Its application is "guided primarily by practical considerations,' not technical distinctions." <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 397 (9th Cir. 2002) (hereinafter cited as "<u>City of Los Angeles</u>"); <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d 810, 818 (9th Cir. 2001) (hereinafter cited as "<u>Berg</u>); <u>United States v. Covington Technologies Co.</u>, 967 F.2d 1391, 1394 (9th Cir. 1992) (hereinafter cited as "<u>Covington Technologies</u>").

   A.   Goldbelt's Application is Timely.

The Amended Complaint was filed on April 4, 2006. The federal defendants have yet to answer. No proceedings have taken place, and the Court has not made any substantive rulings. The application is timely. <u>Northwest Forest Resource Council v. Glickman</u>, 82 F.3d 825, 837 (9th Cir. 1996).

   B.   Goldbelt Has a Significantly Protectable Interest.

>    [T]he "interest" test directs the courts to
>    make a "practical, threshold inquiry," and "is
>    primarily a practical guide to disposing of
>    lawsuits by involving as many apparently

5

>concerned persons as is compatible with
>efficiency and due process.

City of Los Angeles, 288 F.3d at 398, citing Greene v. United States, 996 F.2d 973, 976 (9th Cir.. 1993) and County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980).

Applicants for intervention must claim a "significantly protectable interest" in the action. City of Los Angeles, 288 F.3d at 398. No special legal or equitable interest is required. "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claim at issue." Berg, 268 F.3d at 818, citing Sierra Club v. United States EPA, 995 F.2d 1478, 1484 (9th Cir. 1993). The relationship requirement is satisfied "if the resolution of the plaintiffs claims actually will affect the applicant." City of Los Angeles, 288 F.3d at 398, citing Donnelly v. Glickman, 159 F.3d 405, 410 (9th Cir. 1998); Berg, 268 F.3d at 818 ("injunctive relief sought by plaintiff will have direct, immediate, and harmful effects" on applicant's legally protected interest).

Goldbelt's Cascade Point property was granted to it by the United States as part of the ANCSA settlement in exchange for extinguishing the Tlingit aboriginal territory. Congress intended that the lands conveyed to Goldbelt be developed for

the economic benefit of Goldbelt's Tlingit Indian shareholders.[6] See City of Angoon v. Hodel, 803 F.2d 1016, 1019 (9th Cir. 1986), cert. denied 484 U.S. 870 (1987), citing City of Angoon v. Marsh, 749 F.2d 1413, 1418 (9th Cir. 1984). Goldbelt's right to construct a marine terminal on this property is conferred and protected by the permits issued by the Corps and CBJ pursuant to the Clean Water Act and local codes.

Defending its valuable 404 permit, challenged in this action, gives Goldbelt a sufficient protectable interest to support intervention as a matter of right. Sierra Club v. U.S. EPA, 995 F.2d 1478 (9th Cir. 1993).

In addition to its property rights, Goldbelt has received contractual commitments from Coeur involving leasing and operation of the marine terminal and transportation services, as well as other potential service contracts that are of great importance to Goldbelt and its shareholders.[7] These economic benefits will be delayed or frustrated if the Plan of Operations

---

[6] Cascade Point was not one of Goldbelt's original ANCSA selections. It was acquired by exchange with the United States after the Sierra Club and SEACC challenged the withdrawals made for Goldbelt's benefit on Admiralty Island. Kahklen Decl. ¶¶ 7, 9. Ironically, the only reason that Goldbelt has property to develop at Cascade Point is because the plaintiffs in this action chased them off of Admiralty Island. Now they don't want Goldbelt to develop the exchanged lands, either.

[7] Kahklen Decl. ¶¶ 14-16.

is struck down.  The frustration of these legitimate economic interests is an additional ground for permitting intervention as of right.  Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129 (1967) (company whose sole source of gas supply would be affected by the outcome of an anti-trust divestiture action had sufficient interest to support intervention under Rule 24(a)(2)); United States v. City of Niagara Falls, 103 F.R.D. 164 (W.D.N.Y. 1984) (industry sending waste to treatment plant had interest in litigation seeking to change terms of NPDES permit); United States v. Reserve Mining Co., 56 F.R.D. 408 (D.Minn. 1972) (businesses dependent upon mine operation had sufficient interest to support intervention as of right in litigation to abate pollution).

    C.    As a Practical Matter, the Disposition of this Case Will Impair or Impede Goldbelt's Ability to Protect Its Interest.

The impairment test does not require that the applicant would be legally bound by the disposition of the case.  It is enough that the applicant's interest could be affected "in a practical sense."  Berg, 268 F.3d at 822.  Natural Resources Defense Council, Inc. v. Nuclear Regulatory Commission, 578 F.2d 1341, 1345 (9th Cir. 1978) (not limited to consequences of a strictly legal nature).

Plaintiffs have challenged Goldbelt's Cascade Point 404 permit directly in this litigation. If Goldbelt is not permitted to intervene, it will have no opportunity to be heard on the issue of whether its 404 permit should be revoked.

D. Goldbelt's Interests Cannot Adequately be Represented by Other Parties to this Litigation.

Goldbelt's unique property and economic interests cannot be adequately represented by any existing or prospective party to this litigation. The federal defendants (and the State of Alaska, in the event that it seeks to intervene) are primarily interested in defending the process by which their permits were issued. Neither would suffer any economic loss should the plaintiffs prevail.

The applicant's burden of showing inadequacy of representation is "minimal," and generally may be met by demonstrating that the government's interest in enforcing the law and its responsibilities to the public are broader than the property interests represented by the applicant. Berg, 268 F.3d at 823; Conservation Law Foundation, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992).

Nor could Coeur Alaska, Inc., adequately represent Goldbelt's interests. Coeur's primary interest is in constructing and operating the Kensington Mine. Transportation

9

and housing of mine workers, while important, are secondary to getting the mine in operation.  Plaintiffs have repeatedly advocated for alternative means of getting miners to the mine site.  The 1998 Plan of Operations (Alternative A, or the "no action" alternative favored by the plaintiffs) would have rotated crews to and from the site by helicopter, housing them on site during their rotation.  The plaintiffs have repeatedly suggested that Coeur could and should ferry workers to the site from a terminal located outside Berners Bay.  Although the Corps of Engineers has found that sites outside Berners Bay are not practicable, it is not inconceivable that at some point a trade off of transportation options might seem more attractive to Coeur than the uncertainty and cost of litigation and delay in getting the mine into operation.[8]  <u>Natural Resources Defense Council v. Nuclear Regulatory Commission</u>, <u>supra</u>, 578 F.2d at 1346  (possibility that interests of members of same industry may diverge in the future need not be great to satisfy representation standard).

---

[8]    Kahklen Decl. ¶ 18.

IV.  IN THE ALTERNATIVE, GOLDBELT SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b).

Permissive intervention under Rule 24(b) requires only that "an applicant's claim or defense and the main action have a question of law or fact in common." Although the United States has not filed an answer, Goldbelt anticipates that its defenses will be similar to those raised by the federal defendants. This is a record proceeding, and facts on which the case will proceed will be common to all parties. In its proposed answer, Goldbelt denies the conclusory allegations of the Complaint, and it is highly likely that the federal defendants will do likewise.

Of all the parties and potential parties to this litigation, Goldbelt has the longest and most significant relationship to Berners Bay, which lies in the heart of the aboriginal and subsistence territory occupied by Juneau area Tlingit.[9] Goldbelt has knowledge of the environment of Berners Bay that will enable it to credibly counter plaintiffs' wildly exaggerated allegations of environmental damage.[10] On remedy issues, Goldbelt is in a position to inform the Court with

---

[9]   Kahklen Decl. ¶ 3.

[10]  Kahklen Decl. ¶ 15.

respect to the extreme economic hardship to Goldbelt and its shareholders were an injunction to issue.[11]

In short, Goldbelt is in a unique position to "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions involved." Spangler v. Board of Education, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing non-exclusive factors to be considered in exercising discretion to grant or deny a motion to intervene under Rule 24(b)). See also Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 (9th Cir. 2002) (quoting with approval the district court's conclusion that "the magnitude of this case is such that both Applicants' intervention will contribute to the equitable resolution of this case.")

V.  CONCLUSION.

For the foregoing reasons, Goldbelt respectfully requests that the Court grant its application for leave to intervene as

---

[11]  Kahklen Decl. ¶ 14-16.

of right under Rule 24(b)(2) or, in the alternative, by permission pursuant to Rule 24(b).

DATED this 6th day of April, 2006, at Juneau, Alaska.

Respectfully submitted,

DAVID C. CROSBY, P.C.


/s/ David C. Crosby
David C. Crosby
Alaska Bar No. 7106006

Attorney for Intervenor-Defendant Goldbelt, Incorporated


CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2006, a copy of the following document was served electronically on:

Demian A. Schane
Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801

Mark A. Nitczynski
U.S. Department of Justice
Environmental Defense Section
999 18th Street, Suite 945
Denver, CO 80202-2449

and served courtesy copies by first class mail, postage prepaid, on:

    Lawrence L. Hartig
    Hartig Rhodes Hoge & Lekisch, P.C.
    717 K Street
    Anchorage, AK 99501-3330

    John C. Berghoff, Jr.
    Susan E. Brice
    Michael P. Rissman
    Mayer, Brown, Rowe & Maw LLP
    71 S. Wacker Drive
    Chicago, IL 60606-4637

    Kathryn Kusske Floyd
    Mayer, Brown, Rowe & Maw LLP
    1909 K Street, N.W.
    Washington, DC 20006-1101

    Ruth Hamilton Heese
    Assistant Attorney General
    Department of Law
    P.O. Box 110300
    Juneau, AK 99811-0300

    Cameron M. Leonard
    Assistant Attorney General
    Environmental Section
    100 Cushman St., Suite 400
    Fairbanks, AK 99701

    Dean K. Dunsmore
    U.S. DEPARTMENT OF JUSTICE
    Environment & Natural Resources Division
    801 B Street, Suite 504
    Anchorage, AK 99501-3657

                                      /s/ David C. Crosby
                                        David C. Crosby

Appl_Intervene.Goldbelt