David C. Crosby
David C. Crosby, P.C.
5280 Thane Road
Juneau, AK 99801-7717
Telephone: (907) 586-6262
Facsimile: (907) 586-5959
E-mail: crosbylaw@gci.net

Attorney for Intervenor-Defendant
Goldbelt, Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES ARMY CORPS OF ENGINEERS; et al., ) ) Defendants, and ) ) COEUR ALASKA, INC., a Delaware Corporation, ) ) Defendant-Intervenor. ) | Case No. J05-0012 CV (JKS) **PROPOSED ANSWER OF INTERVENOR-DEFENDANT GOLDBELT, INCORPORATED** |

Goldbelt, Incorporated ("Goldbelt"), by its undersigned attorney, answers the plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief and asserts affirmative defenses as follows:

1.   Paragraph 1 characterizes the complaint and contains no factual allegations requiring an answer.  To the extent an

answer is required, Goldbelt denies that plaintiffs are entitled to the requested relief.

    2.    Goldbelt refers to the administrative record and denies any mischaracterization thereof.

    3.    Goldbelt admits that the Corps signed a section 404 permit dated June 15, 2005, refers to the permit for the full terms thereof, and denies any mischaracterizations thereof. Goldbelt admits the remaining allegations of this paragraph.

    4.    Goldbelt refers to the administrative record and denies any mischaracterization thereof.

    5.    Goldbelt refers to the administrative record and denies any mischaracterization thereof.

    6.    Goldbelt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence. Goldbelt admits that plaintiffs' amended complaint purports to seek the declaratory and injunctive relief requested and denies any remaining allegations of the second sentence.

    7.    This paragraph states a conclusion of law and not a factual allegation as to which response is required.

    8.    This paragraph states a conclusion of law and not a factual allegation as to which response is required.

9. Goldbelt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Goldbelt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Goldbelt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

13. Goldbelt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Goldbelt admits the first two sentences of paragraph 18.  Goldbelt admits that the Forest Service approved the plan of operations for the Kensington gold mine, refers to the plan for the full terms thereof, and denies any mischaracterization thereof.

19. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

20. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

21. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

22. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

23. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

24. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

25. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

26. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

27. Admitted.

28. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

29. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

30. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

31. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

32. Goldbelt denies that the project was fully authorized to proceed, admits that the project did not proceed, admits that Coeur redesigned the project, admits that project costs were one factor considered in the redesign, and denies any other allegations of paragraph 32.

33. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

34. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

35. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

36. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

37. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

38. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

39. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

40. Goldbelt admits that the section 404 permit signed by the Corps is dated June 17, 2005, refers to the permit for the full terms thereof, and denies any mischaracterization thereof.

41. Goldbelt admits that EPA issued the 402 permit on or about June 29, 2005, refers to the permit for the full terms thereof, and denies any mischaracterization thereof.

42. Goldbelt admits the first sentence of this paragraph and denies the remaining allegations.

43. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

44. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

45. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

46. Goldbelt refers to the administrative record and denies any mischaracterization thereof.

47. Goldbelt is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**COUNT I**

(Clean Water Act)

48. Goldbelt repeats and incorporates by reference its answers to paragraphs 1-47.

49.   Goldbelt admits that the quoted language is found in the cited statutory provision, refers to the entire statute for its terms, and denies any mischaracterization thereof.

50.   Goldbelt admits that the quoted language is found in the cited statutory provision, refers to the entire statute for its terms, and denies any mischaracterization thereof.

51.   Goldbelt admits the first sentence.  Goldbelt denies that the second sentence completely or accurately describes all NPDES permits.

52.   Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

53.   Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

54.   Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

55.   Goldbelt refers to the cited regulations and administrative materials for their terms and denies any mischaracterization thereof.

56.   Denied.

57.   Goldbelt refers to the cited regulatory provisions for their terms and denies any mischaracterization thereof.

58.   Goldbelt refers to the cited regulatory provisions for their terms and denies any mischaracterization thereof.

59.  Admitted.

60.  Admitted.

61.  Goldbelt refers to the statute for its terms and denies any mischaracterization thereof.  Further answering, Goldbelt states that the mine tailings to be discharged to Little Slate Lake constitute "fill material" under the Act.

62.  Denied.  Further answering the factual allegations, Goldbelt states that the 3.5-mile pipeline will be a discernible, confined and discrete conveyance.

63.  Admitted.

64.  Denied.

65.  Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

66.  Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

67.  Goldbelt refers to the permits issued by the EPA and the Corps for their terms, and denies any mischaracterization thereof.

68.  Goldbelt refers to the permit issued by the Corps for its terms, and denies any mischaracterization thereof.

69.  Goldbelt refers to the regulatory record relating to the referenced provisions, and denies any mischaracterization thereof.

70. Denied.

71. Denied.

72. Denied.

73. Goldbelt refers to the cited statute for its terms and denies any mischaracterization thereof.

74. Denied.

75. Denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim on which relief may be granted.

2. The plaintiffs lack standing to bring this action.

3. The plaintiffs failed to give proper notice of filing for a citizen's suit under the Clean Water Act and may not claim fees pursuant to that statute.

WHEREFORE, Goldbelt requests that this Court:

    (a) deny the relief requested by plaintiffs;

    (b) dismiss plaintiffs' complaint with prejudice;

      (c)   award Goldbelt its costs of defense;

      (d)   award Goldbelt such other relief as is just and proper.

DATED this 6th day of April, 2006, at Juneau, Alaska.

                          Respectfully submitted,

                          DAVID C. CROSBY, P.C.

                          /s/  David C. Crosby\_\_\_\_
                          David C. Crosby
                          Alaska Bar No. 7106006

                          Attorney for Intervenor-Defendant Goldbelt, Incorporated

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2006, a copy of the foregoing document was served electronically on:

    Demian A. Schane
    Thomas S. Waldo
    Eric P. Jorgensen
    EARTHJUSTICE
    325 Fourth Street
    Juneau, AK 99801

    Mark A. Nitczynski
    U.S. Department of Justice
    Environmental Defense Section
    999 18th Street, Suite 945
    Denver, CO 80202-2449

and that courtesy copies were served by first class mail,

postage prepaid, on the following:

    Lawrence L. Hartig
    Hartig Rhodes Hoge & Lekisch, P.C.
    717 K Street
    Anchorage, AK 99501-3330

    John C. Berghoff, Jr.
    Susan E. Brice
    Michael P. Rissman
    Mayer, Brown, Rowe & Maw LLP
    71 S. Wacker Drive
    Chicago, IL 60606-4637

    Kathryn Kusske Floyd
    Mayer, Brown, Rowe & Maw LLP
    1909 K Street, N.W.
    Washington, DC 20006-1101

    Ruth Hamilton Heese
    Assistant Attorney General
    Department of Law
    P.O. Box 110300
    Juneau, AK 99811-0300

    Cameron M. Leonard
    Assistant Attorney General
    Environmental Section
    100 Cushman St., Suite 400
    Fairbanks, AK 99701

    Dean K. Dunsmore
    U.S. DEPARTMENT OF JUSTICE
    Environment & Natural Resources Division
    801 B Street, Suite 504
    Anchorage, AK 99501-3657

                              /s/  David C. Crosby
                              David C. Crosby

Answer 4 5 2006.Goldbelt