DAVID W. MÁRQUEZ, Attorney General
CAMERON M. LEONARD, Assistant Attorney General
RUTH HAMILTON HEESE, Assistant Attorney General
State of Alaska, Department of Law
P.O. Box 110300
Juneau, Alaska 99811-0300
Telephone:  (907) 451-2811
      or    (907) 465-3600
Facsimile:  (907) 465-6735
cam_leonard@law.state.ak.us
ruth_hamilton_heese@law.state.ak.us

Attorneys for Intervenor Defendant
State of Alaska


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEASTALASKA CONSERVATION COUNCIL, SIERRA CLUB, AND LYNN CANAL CONSERVATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLACHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; JOHN C. LEEDS, III, in his official capacity as Chief of the Juneau field office; Glen E. Justis, in his official capacity as Chief of the East Section; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. J05-0012CV (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FIRST AMENDED ANSWER

Intervenor defendant the State of Alaska ("the State") answers the allegations of the First Amended Complaint for Declaratory and Injunctive Relief ("First Amended Complaint"), corresponding to the same paragraph numbering as set forth in the First Amended Complaint, as follows:

1. This paragraph constitutes plaintiffs' characterization of the case and requires no answer.

2. The State admits the allegations in the first and second sentence. Regarding the third and fourth sentences, the State admits that the proposal will accommodate 4.5 million tons of tailings through a 3.5-mile pipeline into Lower Slate Lake; however, the remaining allegations in this third sentence constitute plaintiffs' characterization of their case and require no answer.

3. The State denies the first sentence of the paragraph and avers that the Corps of Engineers signed the section 404 permit authorizing discharge to Lower Slate Lake on June 17, 2005. Regarding the allegations in the second sentence, the State admits that the Corps suspended the Slate Lake 404 permit sometime in November 2005. The State admits that the Corps reinstated the Slate Lake 404 permit on March 29, 2006.

4. Regarding sentences one and two of this paragraph, the State admits that Lower Slate Lake is approximately 20 acres in size, situated within the Tongass National Forest on relatively flat, south-facing terrace in the middle portion of the East Fork Slate Creek watershed. Regarding the third sentence in this paragraph, the State admits that

State's First Amended Answer                                                      Page 2
*SEACC, et al. V. U.S. Army COE, et al.*
Case No. J05-0012CV (JKS)

juvenile coho salmon, chum salmon, pink salmon, Dolly Varden char and cutthroat trout have been found in Slate Creek below the falls.  The State also admits, with respect to the fourth sentence, that Lower Slate Lake is surrounded by a steeply sloping, coniferous forest.  The State admits, with respect to the fifth sentence, that Dolly Varden char are present in Lower Slate Lake.  The remainder of the allegations in this paragraph constitute plaintiffs' characterization of their case and require no answer.

5.      The State admits the allegations in the first sentence of this paragraph. Regarding the second, third, fourth, fifth and sixth sentences of this paragraph, the State admits that Berners Bay is situated on the east side of Lynn Canal, that recreational boating occurs in Berners Bay, that Berners Bay provides spawning and rearing habitat for fish such as eulachon, sockeye, coho, pink and chum salmon, cutthroat trout, and Dolly Varden char, and that some wildlife species, such as sea lions, have been observed to feed on these fish within Berners Bay.   The remaining allegations in the second through the sixth sentences of this paragraph constitute plaintiffs' characterization of the case and require no answer.

6.      The State has insufficient information to admit or deny the allegations in the first sentence.  The allegations in the second sentence of this paragraph constitute plaintiffs' characterization of the case and require no answer.

7.      This paragraph consists of conclusions of law not requiring an answer.

8.      This paragraph consists of conclusions of law not requiring an answer.

9.     The State has insufficient information to admit or deny the allegations in this paragraph.

10.     The State has insufficient information to admit or deny the allegations in this paragraph.

11.     The State has insufficient information to admit or deny the allegations in this paragraph.

12.     The State has insufficient information to admit or deny the allegations in this paragraph.

13.     The State has insufficient information to admit or deny the allegations in this paragraph.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     The State denies the allegation in the first sentence.  The Kensington mine proposal first began in 1990.  The State admits the allegation in the second sentence.

20.     The State admits that the Forest Service released a final environmental impact statement (FEIS) and record of decision (ROD) in 1992. The State has insufficient information to admit or deny the remaining allegations in this paragraph.

21.    The State has insufficient information to admit or deny the allegations in the first sentence of this paragraph.  The second sentence purports to paraphrase or describe a document which is the best evidence of its contents.

22.    This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

23.    This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

24.    This paragraph constitutes plaintiffs' characterization of the case and requires no answer.  The allegations in this paragraph also purport to paraphrase or describe a document which is the best evidence of its contents.  The State has insufficient information to admit or deny the allegations in the fourth sentence of this paragraph.

25.    The State has insufficient information to admit or deny the allegations in the first sentence of this paragraph. The remaining sentences in this paragraph purport to paraphrase or describe a document which is the best evidence of its contents.

26.    The State has insufficient information to admit or deny the allegations in this paragraph.

27.    The State has insufficient information to admit or deny the allegations in this paragraph.

28.    The State admits the allegation in the first sentence of this paragraph.  The remaining sentences in this paragraph constitute plaintiffs' characterization of the case

and also purport to paraphrase or describe a document which is the best evidence of its contents.

29.     This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

30.     The State has insufficient information to admit or deny the allegations in this paragraph.

31.     The State has insufficient information to admit or deny the allegations in this paragraph.

32.     This paragraph constitutes plaintiffs' characterization of the case and requires no answer.

33.     The State admits the allegation in the first sentence of this paragraph.  The remaining sentences in this paragraph constitute plaintiffs' characterization of the case and also purport to paraphrase or describe a document which is the best evidence of its contents.

34.     This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

35.     This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

36.     This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

37.     Regarding the allegations in the first sentence of this paragraph, the State admits that a draft supplemental environmental impact statement was released by the Forest Service on *June 23*, 2004, but the State otherwise denies the allegations in this sentence.  Regarding the allegations in the second sentence, the State admits that an FSEIS and a ROD were released in December of 2004, but the State otherwise denies the allegations in this sentence.  The remaining sentences in this paragraph purport to paraphrase or describe a document which is the best evidence of its contents.

38.     The State has insufficient information to admit or deny the allegations in the first, second and third sentence of this paragraph.  The fourth sentence in this paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

39.     This paragraph appears to paraphrase or describe a document which is the best evidence of its contents.

40.     Admit.

41.     Deny.  The Environmental Protection Agency issued to Coeur Alaska the Section 402 permit for discharges from Lower Slate Lake into the East Fork of Slate Creek Cove on June 28, 2005.

42.     The State has insufficient information to admit or deny the allegations in this paragraph.

43.     The State admits the allegations in the first sentence.  The State has insufficient information to admit or deny the allegations in the second sentence.  The

State admits that the Corps suspended the 404 permits for Slate Lake and Cascade Point in November of 2005, but otherwise has insufficient information to admit or deny the allegations in the third sentence. The State admits that on November 29, 2006, the Corps reissued both the Slate Lake and Cascade Point permits, but otherwise has insufficient information to admit or deny the allegations in the fourth and fifth sentences. The sixth sentence in this paragraph constitutes plaintiffs' characterization of the case and also purport to paraphrase or describe a document which is the best evidence of its contents.

44.    This paragraph appears to paraphrase or describe a document which is the best evidence of its contents.

45.    This paragraph appears to paraphrase or describe a document which is the best evidence of its contents. The State has insufficient information to admit or deny the allegations of this paragraph.

46.    The first sentence of this paragraph constitutes plaintiffs' characterization of the case and requires no answer. The State has insufficient information to admit or deny the allegations in the second and third sentences of this paragraph. The fourth sentence in this paragraph constitutes plaintiffs' characterization of the case and requires no answer.

47.    The State has insufficient information to admit or deny the allegations in this paragraph.

48.    The State repeats and incorporates by reference each of its answers to paragraphs 1-47 of the First Amended Complaint.

49.    This paragraph consists of conclusions of law not requiring an answer.

50.    This paragraph consists of conclusions of law not requiring an answer.

51.    This paragraph consists of conclusions of law not requiring an answer.

52.    This paragraph consists of conclusions of law not requiring an answer.

53.    The first and second sentences paraphrase and quote a document which is the best evidence of its contents.  The third sentence in this paragraph consists of conclusions of law not requiring an answer.

54.    This paragraph paraphrases and quotes a document which is the best evidence of its contents.

55.    The first sentence in this paragraph purports to paraphrase or describe documents which are the best evidence of their contents.  The second and third sentences of this paragraph purport to paraphrase and quote a document which is the best evidence of its contents.

56.    This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

57.    This paragraph purports to paraphrase or describe a document which is the best evidence of its contents.

58.    This paragraph consists of conclusions of law not requiring an answer. This paragraph also purports to paraphrase or describe a document which is the best evidence of its contents.

59.    The State admits the allegations in the first sentence of this paragraph.

State's First Amended Answer                                             Page 9
*SEACC, et al. V. U.S. Army COE, et al.*
Case No. J05-0012CV (JKS)

60.    This paragraph consists of conclusions of law not requiring an answer.

61.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

62.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

63.    This paragraph consists of conclusions of law not requiring an answer.

64.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

65.    This paragraph consists of conclusions of law not requiring an answer.

66.    This paragraph constitutes conclusions of law and requires no answer.

67.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

68.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

69.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law requires no answer, and also purports to paraphrase or describe a document which is the best evidence of its contents.

70.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

71.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

72.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer, and also purports to paraphrase or describe a document which is the best evidence of its contents.

73.    This paragraph consists of conclusions of law not requiring an answer.

74.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

75.    This paragraph constitutes plaintiffs' characterization of the case and conclusions of law and requires no answer.

The remaining allegations constitute plaintiffs' prayer for relief and do not require an answer.  If any allegations that the State identified as not requiring an answer in fact do require an answer, the State denies those allegations.  All other allegations not answered above are denied.  The State denies the plaintiffs are entitled to any relief whatsoever.

<u>DEFENSES</u>

1.    Plaintiffs lack standing.

2.    The Court lacks subject matter jurisdiction.

3.    Plaintiffs fail to state a cause of action for which relief may be granted.

4.    Plaintiffs failed to exhaust their administrative remedies.

5.    The applicable statute of limitations or the equitable doctrine of laches bars some or all of plaintiffs' claims.

6.     The doctrine of res judicata or of collateral estoppel bars some or all of plaintiffs'
claims.

7.     The public interest and the State's interests outweigh any hardships to plaintiffs
from the federal defendants' authorizations of the Kensington Mine Project and
Coeur Alaska's implementation of activities pursuant to those federal
authorizations.

Wherefore, the State requests that no injunction (either preliminary or permanent)
against the federal authorizations or Coeur Alaska's activities under the authorizations be
issued, notwithstanding the actual or probable outcome of the case, and that the plaintiffs
take nothing.  The State further requests that it be awarded its fees and costs for opposing
plaintiffs' action and for such further additional relief as the Court determines to be just
and proper.

RESPECTFULLY SUBMITTED this 7th of April, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL


By:     /s Ruth Hamilton Heese
        Cameron M. Leonard
        Assistant Attorney General
        Alaska Bar No. 8406036
        Ruth Hamilton Heese
        Assistant Attorney General
        Alaska Bar No. 9406064
        State of Alaska
        Department of Law
        P.O. Box 110300
        Juneau, Alaska 99811-0300
        Telephone:  (907) 465-3600

State's First Amended Answer                                    Page 12
*SEACC, et al. V. U.S. Army COE, et al.*
Case No. J05-0012CV (JKS)

Facsimile:  (907) 465-6735
ruth_hamilton_heese@law.state.ak.us

## CERTIFICATE OF SERVICE

I, Ruth Hamilton Heese, certify that on April 7, 2006, a copy of the foregoing document was served electronically to Mark Nitczynski, Demian Schance, and Thomas Waldo.  A courtesy copy was also sent via e-mail to Lawrence Hartig, John Berghoff, Jr., David Crosby, and Jim Ustasiewski.

By:     /s Ruth Hamilton Heese
        Ruth Hamilton Heese
        Assistant Attorney General
        Alaska Bar No. 9406064
        State of Alaska
        Department of Law
        P.O. Box 110300
        Juneau, Alaska 99811-0300
        Telephone:  (907) 465-3600
        Facsimile:  (907) 465-6735
        ruth_hamilton_heese@law.state.ak.us