DAVID W. MÁRQUEZ, Attorney General
CAMERON M. LEONARD, Assistant Attorney General
RUTH HAMILTON HEESE, Assistant Attorney General
State of Alaska, Department of Law
P.O. Box 110300
Telephone: (907) 451-2811
     or  (907) 465-3600
Facsimile: (907) 465-6735
Juneau, Alaska 99811-0300

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SOUTHEAST ALASKA CONSERVATION )
COUNCIL, et al.,                )
                                )
        Plaintiffs,             )
                                )   Case No. J05-0012CV
v.                              )
                                )
UNITED STATES ARMY CORPS OF     )
ENGINEERS, et al.,              )
                                )
        Defendants.             )

DECLARATION OF DAN EASTON
IN SUPPORT OF STATE OF ALASKA'S MOTION TO INTERVENE

Pursuant to 28 U.S.C. § 1746, I, Dan Easton, do declare as follows:

1.    I am the Deputy Commissioner of the Alaska Department of Environmental Conservation ("DEC"), and have served in this position since June 2005. Before that time, and beginning in January of 2004, I was the Director for DEC's Division of Water, I have worked in varying positions for the DEC over 17 years,

2. I am familiar with and have actively participated in DEC's permitting responsibilities with respect to water discharges in the State of Alaska, including discharges relating to large mine projects.

3. I am familiar with and participated in the review and permitting of the Kensington Mine Project ("Project"), which Project is the subject of plaintiffs' complaint in this case. Both myself and my staff coordinated the review of the Project with other State and federal agencies, including the Alaska Department of Natural Resources ("DNR") and the U.S. Army Corps of Engineers ("Corps"). In addition to other DEC staff members, I have personally participated in many of the meetings and discussions that took place during the review and permitting process.

4. In accordance with Section 401(a) of the federal Clean Water Act (33 U.S.C. § 1341(a)) and Alaska law, DEC had primary responsibility for reviewing and certifying that the Corps' proposed Section 404 dredge and fill permit (33 U.S.C. § 1344) for the Project's tailings storage facility ("TSF") complied with applicable State requirements. DEC also had primary responsibility for reviewing and certifying that the U.S. Environmental Protection Agency's ("EPA's") Section 402 permit (33 U.S.C. § 1342) for discharges from the TSF to East Fork Slate Creek complied with

Declaration of Dan Easton                                              Page 2 of 5
SEACC v. Army COE
505-0012 CV

applicable State requirements. DEC ultimately issued Section 401 certifications for the Section 402 and Section 404 permits. The certifications of the Section 402 and 404 permits for the Project contained several conditions,

5. In advance of the issuance of the Corps' Section 404 permit and DEC's Section 401 certification, DEC, DNR, the Corps and other agencies held discussions regarding the 2002 revisions to the definitions of "fill material" and "discharge of fill material" under the Clean Water Act and what effect those changes have with respect to how the federal agencies permit disposal of mine tailings. The State, through its agencies, also had discussions regarding a May 17, 2004 memorandum, signed by Diane Regas ("Regas Memo")). The Regas memo was important to the State agencies, and especially to DEC, in terms of establishing how the federal and state authorizations would be developed and issued, not only for the Kensington Mine Project, but other future Alaska mines.

6. The Carps and EPA's permitting approach has a direct effect on the State's permitting of a mine project. The certifications that DEC issues for the Section 402 and 404 permits certify that the permits authorizing an activity that may result in a discharge to surface waters will comply with the state's water quality standards and other

Declaration of Dan Easton                                         Page 3 of 5
SEACC v. Army COE
305-0012 CV

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

state laws. The certification of a federal 402 or 404 permit also satisfies the legal requirement for a state permit for the same activity. (AS 46.03.110(e); 18 AAC 60.200(b)).

7. Based on my experience and professional opinion with the permitting in this Project and in other venues, it is essential that the State and federal agencies with jurisdiction to permit proposed activities maintain close coordination and a shared understanding of legal requirements in order to facilitate issuance of efficient, effective and enforceable permits.

8. I am aware of Plaintiffs' complaint in this case alleging the Corps violated the Clean Water Act in issuing the Section 404 permit. I believe that the outcome of this lawsuit could affect not only the Project, but future mine projects and the State and federal agencies permitting of them. Given the circumstances presented by plaintiffs' lawsuit, I believe it is essential that the State's interests be adequately represented and that the State be allowed to intervene as of right or permissively.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2005, at Juneau, Alaska.

*Dan Easton*

Dan Easton
Deputy Commissioner
Alaska Department of Environmental Conservation

Declaration of Dan Easton                                    Page 5 of 5
SEACC v. Army COE
J05-0012 CV