John C. Berghoff, Jr., ILBA# 0181528
Michael P. Rissman, ILBA# 6194350
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600/Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mrissman@mayerbrownrowe.com

Eric B. Fjelstad, ABA# 9505020
Robert A. Maynard, ABA# 8610093
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Phone: (907) 279-8561/Fax: (907) 276-3108
efjelstad@perkinscoie.com
rmaynard@perkinscoie.com

Attorneys for Defendant-Intervenor (Proposed) Coeur Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., <br><br> Plaintiffs, <br> vs. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; et al. <br><br> Defendants. | Case No. J05-0012 CV (JKS) <br><br><br><br><br><br> **COEUR ALASKA, INC.'S MOTION TO SUPPLEMENT BRIEFING SCHEDULE** |

**MOTION**

Coeur Alaska, Inc. ("Coeur Alaska")[1] moves this Court to supplement the so-called "expedited briefing schedule" consistent with Local Rule 16(c), to require Plaintiffs to file any

---

[1] Coeur Alaska is the owner and developer of the Kensington Mine.  It filed its motion to intervene on April 5, 2006.  (Docket No. 31.)  Plaintiffs have not opposed Coeur Alaska's intervention into this case.


summary judgment motions by May 31, 2006. This requested supplement to the schedule will ensure that Plaintiffs cannot extend indefinitely the specter of uncertainty which this litigation casts over Coeur Alaska's twice-reviewed, twice-approved permits. Apart from the application of Local Rule 16(c), Plaintiffs may use the uncertain schedule to jeopardize the many benefits that will flow from this fully permitted mining project. Requiring Plaintiffs to file all summary judgment motions by May 31 will eliminate the very real risk of continued foot-dragging while Plaintiffs contemplate their next tactics in their challenge.

## MEMORANDUM

Local Rule 16(c)(1), which governs appeals under the Administrative Procedure Act, clearly requires that "plaintiff's principal brief, *in the form of a motion for summary judgment*, must be filed not later than 30 days after the agency record is filed." (Emphasis added). The briefing schedule entered by the Court on April 7, 2006 (Docket No. 37) requires that the administrative record be filed by April 28. Thus, under Local Rule 16(c)(1), Plaintiffs should be required to file any and all summary judgment briefs with respect to any claim they have against the Defendants by May 31, 2006.

Although Plaintiffs requested an "expedited briefing schedule" with respect to the only present claim in their first amended complaint, their request to file a further amended complaint as late as May 31 may be inconsistent with the effect of Local Rule 16(c). Unless Plaintiffs also file any additional summary judgment motion by May 31, as Local Rule 16(c) provides, the schedule threatens to delay this litigation indefinitely. That Plaintiffs proposed a so-called "expedited briefing schedule" which could potentially be used for delay is hardly surprising in light of Plaintiffs' omnibus opposition to the Kensington mine at every turn: Plaintiffs objected to the previous tailings disposal plan considered by the United States Army Corps of Engineers

and United States Forest Service in 1998, but now they champion that 1998 plan in order to challenge the recently permitted, environmentally preferable plan. Indeed, a high-ranking representative of the lead Plaintiff has admitted that the organization has never supported a Southeast Alaska mining project.[2] And, despite Coeur Alaska's good faith negotiations and mediations, Plaintiffs defiantly object to the project.

Since the Plaintiffs first commenced this lawsuit on September 12, 2005, the process has dragged and a continued open-ended schedule without the invocation of Local Rule 16 could be another means of achieving the objective — stopping the Kensington mine project by delay. That objective harms not only Coeur Alaska and the people of Southeast Alaska, but in the long run it harms the environment. It is for that reason that we seek this Court's assistance in closing a potentially open-ended schedule by making clear that Local Rule 16 continues to govern the filing of summary judgment motions.

Plaintiffs threatened in their motion that a second amended complaint could "substantially delay the case." Plaintiffs' Motion for Shortened Time and Expedited Consideration at 4 (Docket No. 29). But there is no need for such delay. The purpose of Local Rule 16 is to ensure prompt resolution of administrative agency appeals and avoid protracted litigation.

It is well-established that Coeur Alaska has invested tens of millions of dollars in the Kensington mine project. It spent a sizable portion of that money developing the environmentally preferred plan now before this Court. The Corps has now reviewed and approved Coeur Alaska's plan *twice*. The Forest Service has likewise reviewed and approved

---

[2]     U.S. Senate, Hearing Before the Subcommittee on Public Lands and Forests of the Committee on Energy and Natural Resources (March 10, 2004) at 32 (testimony of Buck Lindekugel, Conservation Director, Southeast Alaska Conservation Council).

the plan.  Plaintiffs have participated through public comments at every stage of the permitting process.  Coeur Alaska's frustration with Plaintiffs' attenuation of this litigation while they piecemeal the process is understandable.

A foreseeable end is important not just to Coeur Alaska.  Construction work in preparation for the opening of Kensington mine already has created 200-plus jobs in the Juneau region.  As long as the validity of the Corps' permits remains under attack in this litigation, however, the current and potential future employees whose jobs are contingent on the existence of the mine remains uncertain.

Coeur Alaska plans to expend a total of approximately $190 million constructing the Kensington mine and associated works,[3] anticipating the creation of 300-plus jobs during that construction, and 200-plus jobs while the mine is operating.  As stated in declarations filed in this case by the State of Alaska with their intervention papers, the City and Borough of Juneau stands to collect $2.4 million in property taxes and additional revenue in sales taxes.  In addition, the project will add more than $6 million in licensing fees and corporate income taxes into the State of Alaska's coffers.

Ironically, the mining project that Plaintiffs so staunchly oppose is an environmentally responsible tailings disposal plan which will leave virtually no footprint when complete.  In the mountainous, rainy portion of Southeast Alaska where the Kensington mine is located, virtually all non-wetland geography is too sloped to support disposal of mine tailings.  In the twice-approved plan currently before the Court, Coeur Alaska proposes to transport the tailings from

---

[3] The Kensington mine originally operated from 1897 to 1938.  The mine and mill are located on patented and privately held land in a portion of the Tongass National Forest that has been specifically set aside for mineral development, being classified as "Intensive Development – Minerals" by the Forest Service.

the mill site to the bottom of a relatively inaccessible and unproductive body of water, Lower Slate Lake, rather than piling up the mine tailings onto wetlands.  Adding the tailings will increase the lake's surface area, producing more shallow-water wetland habitat around the lake than existed before the project.  Coeur Alaska will restore the lake habitat, including the reintroduction of invertebrates, restocking of fish and the capping of the lake-bottom.  The company has posted reclamation bonds to assure the public and the government of its performance.   Not surprisingly, after studying this plan and twice reviewing it, the Corps has concluded that Lower Slate Lake's aquatic habitat will be at least as productive after the closing of the Kensington mine as it is now.

## CONCLUSION

Coeur Alaska requests that this Court: 1) enter an order under Local Rule 16, requiring Plaintiffs to file any motions for summary judgment with respect to any further amended complaint on or before May 31, 2006; and, 2) schedule a status conference to ensure that the case moves forward to conclusion expeditiously.

DATED this 12th day of April, 2006.

>Respectfully submitted,
>
>MAYER, BROWN, ROWE & MAW LLP
>Attorneys for Defendant-Intervenor
>COEUR ALASKA, INC.
>
>/s/ John C. Berghoff, Jr.
>John C. Berghoff, Jr., ILBA# 0181528
>Michael P. Rissman, ILBA# 6194350
>71 South Wacker Drive
>Chicago, IL  60606
>Phone: (312) 782-0600
>Fax: (312) 701-7711
>jberghoff@mayerbrownrowe.com
>mrissman@mayerbrownrowe.com

Of Counsel:

Lawrence L. Hartig, ABA# 8310125
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK  99501
Phone: (907) 276-1592/Fax: (907) 277-4352
larry@hartig.law.pro


CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2006, a true and correct copy of the foregoing, along with accompanying documents, was served electronically on Demian A. Schane and Thomas S. Waldo (representing plaintiffs) and Mark Nitczynski and Richard L. Pomeroy (representing federal defendants).  A courtesy copy was also sent by email to David C. Crosby, Cameron M. Leonard, Ruth Hamilton Heese, and Jim Ustasiewski.


/s/ John C. Berghoff, Jr._____
John C. Berghoff, Jr.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600
Fax: (312) 701-7711
Email: jberghoff@mayerbrownrowe.com
ILBA# 0181528