Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE,<br><br>Defendants. | Case No. J05-0012 CV (JKS) |

**PLAINTIFFS' OPPOSITION TO COEUR ALASKA, INC.'S
MOTION TO SUPPLEMENT BRIEFING SCHEDULE**

Plaintiffs hereby oppose the motion of proposed intervenor Coeur Alaska to

"supplement" the Court's Scheduling Order of April 7, 2006. Docket No. 52. The existing

briefing schedule is the product of careful negotiations between Plaintiffs and Federal

Defendants. The proposed intervenor seeks to disrupt this schedule by mandating that Plaintiffs

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                              1

file any motion for summary judgment on any claims regarding the United States Army Corps of Engineers' (Corps) revised Record of Decision (ROD) by May 31, 2006.  This would effectively force Plaintiffs to review the revised ROD, determine whether there are any claims that are viable and appropriate, move and obtain permission to amend their complaint, and file a motion for summary judgment on those potential claims, all within 63 days from the release of the revised ROD (March 29, 2006).  This proposal is unreasonable, unrealistic, and not required by the Federal Rules of Civil Procedure or the Local Rules.  Coeur Alaska has not shown that it will suffer undue prejudice warranting the modification to the existing briefing schedule.  Indeed, Coeur Alaska has been proceeding with construction of its proposed mine, undeterred by this lawsuit.  If Plaintiffs seek to amend their Complaint, Coeur Alaska will have the opportunity to present evidence of any alleged undue prejudice at that time.

In reaching an agreement with Federal Defendants on the briefing schedule,[1] Plaintiffs made a concession to Federal Defendants that they were not required to make, namely, they agreed that if they decided to seek to amend their complaint, they would do so by May 31, 2006.  Without such an express agreement, Plaintiffs could, under the Federal Rules of Civil Procedure, seek leave to amend their complaint at any time.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); Fed. R. Civ. P. 15(a).  The Rules, however, contain limits on this right.  Because Plaintiffs have already amended their complaint once (dropping Count II), they may amend their

---

[1] On April 3, 2006, counsel for Plaintiffs participated in a teleconference with counsel for Federal Defendants and counsel for Coeur Alaska to discuss procedures for proceeding with the litigation following the March 29 issuance of the revised ROD.  Counsel for Plaintiffs proposed a briefing schedule.  At that time, counsel for Federal Defendants and Coeur Alaska were not prepared to discuss Plaintiffs' proposed deadlines.  Counsel for Federal Defendants subsequently called counsel for Plaintiffs and negotiated the briefing schedule that the Court entered on April 7, 2006.  Counsel for Coeur Alaska did not participate in those subsequent discussions.

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                                2

complaint again "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Therefore, any intervenor would have the opportunity at that time to present arguments as to why Plaintiffs should not be permitted to do so, and the Court "may consider whether there is any evidence of 'undue delay, bad faith or dilatory motive.'" *Anthony v. Cambra*, 236 F.3d 568, 577 (9th Cir. 2000) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Contrary to Coeur Alaska's suggestion, nothing in Local Rule 16.3 alters a party's right to move to amend a pleading at any time, particularly where, as here, the defendant federal agency revises its decision after the case is underway. *See* D. Ak. LR 16.3. If Plaintiffs seek to amend their complaint, and the Court permits it, an appropriate and expedited briefing schedule on any additional claims may be set at that time.

Notwithstanding Coeur Alaska's suggestion to the contrary, the scheduling order that this Court entered on April 7, 2006 is highly expedited. After an agency renders a decision, groups such as the plaintiffs in this case must evaluate that decision and determine whether it is sound and complies with applicable laws before making any decisions about litigation. In the absence of a specific statutory limitations period, a civil action against the United States brought under the Administrative Procedure Act is subject to the six-year limitations period of 28 U.S.C. § 2401(a). *See Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988). Here, given that the Corps released the revised ROD after the commencement of litigation and that Coeur Alaska has been proceeding with construction of its proposed mine in the interim, Plaintiffs agreed to a briefing schedule that substantially curtailed the time period under which they could normally bring a claim.

Under the schedule, Plaintiffs agreed to review the Corps' revised ROD and decide whether to bring any additional claims by seeking leave to amend the complaint within 63 days

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                                    3

of the release of the Corps' revised ROD.  The revised ROD is 68 pages (not including the 8 appendices attached to it), single-spaced, and contains wholly new analyses relying on information not currently available to Plaintiffs.  Therefore, the deadline for amending the complaint contained in the April 7, 2006 Scheduling Order is exceptionally tight.  Moreover, Plaintiffs will be preparing their reply brief on Count I at the same time that they are deciding whether to seek leave to bring any new claims.

      Plaintiffs' conduct in this case demonstrates that they have done their best to move this case toward a prompt resolution.  They have every interest in doing so since Coeur Alaska is proceeding with construction at full speed.  The more the project advances, the more harm Plaintiffs incur.

      At the outset, Plaintiffs agreed to and participated in good faith in confidential mediation proceedings on October 20, 2005.  When those proceedings did not produce an agreement, Plaintiffs promptly moved for an expedited briefing schedule (November 1, 2005), which the Court granted.  Docket Nos. 14, 15.  On November 9, 2005, two days before Plaintiffs' opening brief was due, Federal Defendants moved for a voluntary remand of the challenged permits, so the Corps could reassess its final decision.  Docket No. 16.  The Corps' decision to reevaluate the permits was completely beyond Plaintiffs' control.  The Court remanded the permits on November 14, 2005.  Docket No. 20.  On March 29, 2006, the Corps released its revised ROD and reissued the permits.  Just six days later, April 4, 2006, Plaintiffs moved to reopen the case and filed their First Amended Complaint.  Docket Nos. 26, 28.  The next day, they moved for an expedited briefing schedule, which was the result of negotiations with Federal Defendants.  Docket No. 29.  Plaintiffs filed their opening brief on Count I just two days later, April 7, 2006,

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                                    4

pursuant to the Court's Order dated that same day. Docket Nos. 37, 41. Plaintiffs have thus made every effort to resolve this dispute promptly.

Coeur Alaska also makes several argumentative and unsupported assertions that are irrelevant to its motion to amend the briefing schedule, *e.g.*, that Plaintiffs oppose all mining in Southeast Alaska and that Coeur Alaska's plan to dump 4.5 million tons of toxic mine tailings in a lake is environmentally responsible. Plaintiffs deny these contentions strongly, but it is not necessary to respond to them here. To the extent that they have any bearing on this case, the Court can address them when it rules on the merits.

## CONCLUSION

The Court should continue to honor the briefing schedule negotiated between Plaintiffs and Federal Defendants and deny proposed intervenor Coeur Alaska's Motion to Supplement Briefing Schedule.

Respectfully submitted this 20th day of April 2006,

    /s/ Demian A. Schane

Demian A. Schane (ABA# 0403007)
Thomas S. Waldo (ABA# 9007047)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                                5

## CERTIFICATE OF SERVICE

      I, Demian Schane, certify that on April 20, 2006, a true and correct copy of PLAINTIFFS' OPPOSITION TO COEUR ALASKA, INC.'S MOTION TO SUPPLEMENT BRIEFING SCHEDULE was served electronically to Mark A. Nitczynski, Richard L. Pomeroy, John C. Berghoff, Jr., David C. Crosby, and Ruth Hamilton Heese.  A courtesy copy was also sent via e-mail to Lawrence L. Hartig and Jim Ustasiewski.


/s/ Demian A. Schane
Demian A. Schane

Southeast Alaska Conservation Council, et al. v.
U.S. Army Corps of Eng'rs, et al.
J05-0012 CV (JKS)                               6