John W. Hartle
City Attorney
CITY AND BOROUGH OF JUNEAU
155 S. Seward Street
Juneau, Alaska  99801
Ph:  (907)586-5340
Fax:  (907)586-1147
Email:  hartle@cbjlaw.com

Attorney for City and Borough of Juneau
*Amicus Curiae*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| COEUR ALASKA, INC., et al., | ) ) |
| Intervenor Defendants. | ) Case No.: J05-00012 CV (JKS) ) |

**BRIEF OF *AMICUS CURIAE*
CITY AND BOROUGH OF JUNEAU**

**I.     Introduction.**

The City and Borough of Juneau, Alaska ("CBJ" or "city and borough"), has filed a motion to participate in this litigation as *amicus curiae* in support of defendants United States Army Corps of Engineers and United States Forest Service, and defendant

intervenors Coeur Alaska, Inc., the State of Alaska, and Goldbelt, Inc., (collectively, "defendants").[1] The city and borough urges the Court to deny the plaintiffs' Motion for Injunctive and Declaratory Relief so that the Kensington mine, a project important to the CBJ, can proceed.

The Kensington mine project has been examined in detail by the CBJ Assembly, Planning Commission, and staff for more than 15 years. Based on this examination, as well as the comprehensive studies, findings, and determinations by the defendants, CBJ believes that the Kensington project, as presented by Coeur Alaska and permitted by the federal, state, and local regulatory agencies, will be carried out in an environmentally responsible manner in accordance with applicable laws and regulations.

This *amicus* brief is supported by the attached Declaration of Peter Freer, CBJ Planning Supervisor, and accompanying exhibits.[2]

## II.   The City and Borough of Juneau's interest in this litigation.

The City and Borough of Juneau is uniquely positioned to inform the Court regarding the impact of the Kensington mine on the community and the people of Juneau. CBJ's interests are economic, environmental, and regulatory. The Kensington is located within the City and Borough of Juneau, approximately 45 air miles northwest of downtown Juneau, near Berners Bay. CBJ has a direct and significant interest in the Kensington mine project because of the economic and employment benefits it will bring to this community.

---

[1]  *See* Declaration of Counsel attached to CBJ's Motion For Leave to Participate as *Amicus Curiae* regarding the positions of the parties and intervenors on CBJ's motion.
[2]  CBJ will not restate the defendants' legal arguments.

CBJ also has an interest in the environmental issues raised by the project, and recognizes that these environmental concerns are vitally important to the community. CBJ residents use Berners Bay and the areas surrounding the Kensington mine for both work and play literally every day. CBJ is concerned with preserving outdoor recreational opportunities for its residents as well as the quality of the environment.

Finally, CBJ is one of the regulatory bodies overseeing the project. Coeur Alaska was required under the CBJ Land Use Code to obtain an "Allowable Use Permit" from the Planning Commission, a process that involved a substantive review of the project.

CBJ must take all of these interests – economic, environmental, and regulatory – into account in balancing and serving the interests of its citizens and community. The CBJ Comprehensive Plan perhaps says it best:[3]

> *It is the policy of the CBJ to support the development of mineral resources in an environmentally sound manner, giving proper recognition to the unique values of this community.*

In sum, CBJ has important interests at stake in this litigation and can provide a valuable viewpoint: the perspective of the impacted local government and community.

### III.   Summary of Argument.

Juneau is the community with both the most to gain and the most at risk from the Kensington mine project. The federal, state, and CBJ permitting agencies have carefully studied and addressed the environmental, economic, and regulatory issues raised by the Kensington mine. This project is poised to proceed in an environmentally responsible manner in accordance with its permits. CBJ urges this Court to deny plaintiffs' motion and allow the Kensington project to proceed.

---

[3]   CBJ Comprehensive Plan, Policy 2.16. Exh. 1, p. 50, to Freer Declaration.

IV.     **Argument.**

   A. **History of mining in Juneau.**

Juneau has a long history of mining activity. Juneau was "founded" as a mining community in 1880, and significant mining activity continues to this day. Juneau's mining history is extensive, and the effects of mining on this community are well known through experience, both past and present. The A.J. Mine near downtown Juneau, the Treadwell Mine just south of Juneau on Douglas Island, the Greens Creek Mine on Admiralty Island, the Kensington mine, and the Jualin Claim are just some of the mining sites located within the city and borough. The Greens Creek Mine, the largest silver producer in North America and the fifth largest in the world, is Juneau's largest private sector employer in terms of payroll.[4]

Mining is not new to the Kensington area. Development and ore production occurred at the Kensington mine site from 1897 through 1938. Exh. 1, p. 5, to Freer Declaration. Recoverable gold reserves were discovered at the nearby Jualin in 1895, and that mine operated intermittently between 1896 and 1928. The Kensington project now encompasses both the Kensington and the Jualin prospects. Revised Record of Decision (Rev. ROD) (Mar. 29, 2006), p. 4.

   B. **The Kensington Mine Project has been thoroughly reviewed and permitted by CBJ, state, and federal agencies.**

The city and borough is a home rule municipality and as such has broad authority under Article X, Section 11 of the Alaska Constitution. CBJ has enacted a

---

[4] The Economic Impact of Alaska's Mining Industry, presented to Resource Development Council and Anchorage Chamber of Commerce by the McDowell Group, Mar. 2, 2006, at http://www.akrdc.org/membership/events/breakfast/0506/calvin.pdf.

comprehensive Land Use Code, which includes the regulation of mining. The CBJ mining ordinance provides as its purpose:

> …to foster the development of a safe, healthy and environmentally sound mining industry while protecting the overall interests of public health, safety and the general welfare…

CBJ 49.65.110(a). The mining ordinance was amended in 2003 to provide that a mine located in the "Rural Mining District," such as the Kensington, that will undergo environmental review by federal and state agencies, may be granted a permit as an "allowable use" subject to certain conditions that may be imposed by the Planning Commission. Exh. 1, p. 7, to Freer Declaration; CBJ 49.65.115(c); CBJ 49.15.320; and CBJ 49.65 Article I. Exploration and Mining.[5]

The CBJ Community Development Department and Planning Commission have evaluated various proposals to develop the Kensington mine for over 15 years, starting in 1990. Freer Declaration ¶ 3; Exh. 1 at pp. 5-6. In 2004, Coeur Alaska substantially re-designed the project to lower the overall costs and footprint of the mine, concentrate on recovery of the most valuable reserves, and improve the mine's economic feasibility and potential profitability.[6]

CBJ Planning Supervisor Freer prepared a 60-page staff report on the Kensington mine proposal for the Planning Commission, and the Commission considered the matter in August 2004. Freer Declaration ¶ 2. In that report, staff considered the Kensington

---

[5] The current CBJ Land Use Code is available at http://www.juneau.lib.ak.us/law/code/index.htm.
[6] "The applicant has already reduced and or redesigned the project to minimize impacts on the aquatic system. There are no less environmentally damaging, practicable alternatives available to Coeur that will achieve the purposes for which the work is being proposed." Rev. ROD, at p. 55 (footnote omitted).

project under the authority of the CBJ Land Use Code, CBJ Title 49, and the specifically applicable code sections.  Freer Declaration ¶¶ 4, 5 and 6.  There were some significant changes from the 1990's project proposal that were of importance to CBJ, including the following: (1) workers will commute by bus and boat from Juneau to the site, and will not reside at the mine site; (2) marine terminal facilities will be constructed within Berners Bay at Slate Creek Cove and Cascade Point; and (3) tailings will be deposited into Lower Slate Lake and not into a dry tailings facility.  Each of these points was addressed in the staff report and considered by the Planning Commission.  Freer Declaration ¶ 7.  Following public hearing, careful review, and deliberation, the Commission issued a Notice of Decision on September 13, 2004, granting the Kensington Allowable Use Permit with conditions, effective August 31, 2004.  The permit was not appealed to the Assembly and is currently in effect.  Freer Declaration ¶ 9.

The Notice of Decision on the Allowable Use Permit contains 39 conditions, including conditions addressing ground, air and water traffic, transportation and parking, lighting at the marine terminals, signage, noise, dust, visual screening, colors at the site, clearing of trees, surface subsidence, avalanches and landslides, and erosion.  Freer Declaration ¶ 8.  It establishes conditions under the authority of the Juneau Coastal Management Program and the Wetlands Review Board addressing wetlands, drainage and discharge, filtration, fish habitat, and other environmental matters.  Freer Declaration ¶ 8.  The Corps of Engineers references the CBJ permit in its Revised ROD, finding four of CBJ's conditions "of particular interest to the Corps," and providing that those conditions "will be modified and appended to the [Corps] permit."  Rev. ROD, at p. 47, and list at p. 48.

The CBJ permit, on its face, demonstrates the depth of review and consideration by the city and borough of environmental and regulatory concerns raised by the mine. This is not simply about jobs for Juneau. While jobs and the economy are obviously important, the city and borough is equally concerned with ensuring that the Kensington project is done right and in accordance with federal, state, and local laws and regulations.

The city and borough and its residents take environmental values and recreational opportunities very seriously. There are more than 100 miles of trails in the CBJ, and a 1995 CBJ Parks and Recreation survey showed hiking to be the favorite recreational activity in Juneau.[7] Berners Bay, located just south of the Kensington mine, is a well known wilderness recreation area within easy reach of Juneau. The purpose section of the mining ordinance instructs that environmental values must be taken into account when considering mining development; it expresses the community's support for the development of an "environmentally sound mining industry while protecting the overall interests of public health, safety and welfare." CBJ 49.65.110(a).

CBJ believes that environmental impacts associated with development of the Kensington project have been appropriately considered and addressed in the federal, state, and local permitting process. Admittedly, CBJ does not have the expertise to make a technical determination on which mine tailings disposal alternative best meets the requirements of the Clean Water Act. The Army Corps of Engineers, however, does have that expertise, and CBJ is confident that the Corps reached a sound conclusion in its Revised Record of Decision, in which it determined that "alternative D with the inclusion

---

[7] *See* http://juneaualaska.com/visit/stories/2005/hiking.shtml; and Juneau Parks and Recreation Comprehensive Plan, Ch. 4, July 1996, at http://www.juneau.org/parksrec/complan/chap4.htm.

of the water treatment plant and water diversion is the least environmentally damaging practicable alternative." Rev. ROD, at pp. 7 and 21.

CBJ will enforce its own permit conditions, and will insist that the federal and state agencies enforce the terms and conditions of the federal and state permits as well.[8] CBJ also participates in bi-weekly meetings on the Kensington mine and the status of its various permits with representatives of Coeur Alaska and the federal and state agencies involved with the project. Freer Declaration ¶ 10. CBJ has a direct and critical interest to protect: if there is environmental damage as a result of the Kensington project, CBJ and its residents will bear the brunt of the impact for years to come.

### C. The Kensington mine will have important economic impacts on CBJ; there is significant local public need for the project.

The city and borough has expressed support for numerous economic development initiatives, including mining. The CBJ Assembly identified 2004 goals for economic development with this strategy statement:[9]

> Develop a vibrant and diversified Juneau economy by creating a support environment for business and government growth. This includes developing support infrastructure, helpful land and permitting policies, and selected marketing support for seafood, tourism, mining, the University, Alaska's capital, federal government and new businesses.

The Assembly has paid particular attention to the development of mining, and the Kensington is one of its ongoing goals under this strategy statement. As mentioned above, the Assembly amended the mining ordinance in 2003 to simplify permitting for mines in the Rural Mining District. This action was a means of supporting the development of mining generally, and the Kensington in particular, and establishing the

---

[8] "The ADEC and CBJ will each monitor air, surface condition, and water quality." Rev. ROD, at p. 66.
[9] Exh. 1, p. 49, to Freer Declaration.

importance of mining for local economic development and diversification. Exh. 1, p. 49, to Freer Declaration.

The economic impact of the Kensington mine on the city and borough is succinctly set out in the staff report on the Allowable Use Permit application:[10]

> The mine will employ approximately 225 workers over a projected 10-year life, with an annual direct payroll of $15,075,000, and is forecasted in the Supplemental Draft EIS to create as many as 499 indirect and induced jobs. This is at a time when, despite current high oil prices, there is long-term, downward pressure on the state budget and state government employment, affecting not only state government employment in Juneau, but also placing downward pressure on the city and borough budget. The addition of significant private employment, together with tax receipts that are forecast in the Supplemental Draft EIS to exceed mine-related city expenditures for public services and schools, also helps to establish public need for the project.

The Army Corps of Engineers also conducted a public interest review and concluded, among other things, that this mining activity "would stimulate local cash flow, broaden the CBJ's tax base and provide for local job opportunities." Rev. ROD, at p. 54; *see also* Rev. ROD at p. 55 (contribution to the local and State economies found to be a "major permanent benefit" from the project).[11]

In summary, an important local public need exists for the Kensington mine; CBJ believes that need can be met in an environmentally responsible manner, and that this local perspective should be taken into consideration by the Court.

//

//

//

---

[10] Exh. 1, p. 50, to Freer Declaration.
[11] *See also* Declaration of Richard A. Hughes in Support of State of Alaska's Motion to Intervene, for further discussion of the economic impact of the Kensington project.

**V.     Conclusion.**

For the reasons set forth above, the City and Borough of Juneau respectfully urges this Court to deny the plaintiffs' Motion for Injunctive and Declaratory Relief.

Dated this 5th day of May, 2006, at Juneau, Alaska.

                                            CITY AND BOROUGH OF JUNEAU

                                            By: /s/  John W. Hartle
                                                  John W. Hartle
                                                  City Attorney
                                                  City and Borough of Juneau
                                                  155 S. Seward Street
                                                  Juneau, Alaska  99801
                                                  Ph: (907)586-5340
                                                  Fax: (907)586-1147
                                                  Email: hartle@cbjlaw.com
                                                  Alaska Bar No. 9112116

                                                  Attorney for
                                                  City and Borough of Juneau
                                                  *Amicus Curiae*