

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

FEB 19 1986   FEB 14 1986



MAR 05 1986
Water Permits & Compliance Branch
Permits Section

MEMORANDUM

SUBJECT: Memorandum of Agreement on Solid Waste Discharges Under Sections 402 and 404 of the Clean Water Act

FROM: Rebecca W. Hanmer, Director
Office of Water Enforcement and Permits

TO: Water Management Division Directors - Regions I-X
State NPDES Directors

    On January 23, 1986, Joy Manson, Assistant Administrator for External Affairs, and Larry Jensen, Assistant Administrator for Water, signed a Memorandum of Agreement ("MOA") with the Army Corps of Engineers governing the handling of unpermitted discharges of solid and semi-solid wastes under sections 402 and 404 of the Clean Water Act. The MOA, which sets forth ground rules for construing the two current definitions of fill material, is an effort to resolve a longstanding disagreement between the two agencies over the definition of fill. The MOA contains an interim arrangement to be used in enforcing against unpermitted discharges and in issuing permits to new facilities submitting an application for the discharge of these wastes. During this interim period, the Office of Solid Waste will be evaluating methods of addressing these discharges under Subtitle D of RCRA. A copy of the MOA is attached.

    The MOA takes effect on April 23, 1986. To prepare for its implementation, I am taking this opportunity to specifically ask each of you for your written comments on how the MOA will affect (1) your activities and program efforts, and (2) the quality of the environment. Please send your comments to me by February 28, 1986. In addition, the MOA will be published in the <u>Federal Register</u> with a 90 day comment period. Your comments along with those responding to the notice will determine if the MOA should be modified. I am especially interested in hearing from the NPDES States, since your cooperation is critical if this MOA is to work. In particular, I would appreciate hearing from you on your ability to issue NPDES permits for the wastes identified in Part B.5 of the MOA. Please include your analysis of the types of limitations and conditions that could be used, the adequacy of existing water quality standards to protect wetlands from these discharges, and the enforceability of such permits. Can

- 2 -

you provide equivalent environmental protection (especially for new sources) as would be provided by Section 404 jurisdiction (including the considerations in the 404(b)(1) guidelines)? If your State Fish and Game Commission (or other State conservation agency) will be able to work with you in regulating these discharges, please discuss the role it can play. I would also appreciate receiving an estimate of the number of permits for these discharges that you would expect to issue in FY 1986 and FY 1987.

Please contact me at (202) 475-8488 or have your staff contact Tom Laverty at (202) 475-9536, if you have any questions regarding the MOA. This MOA has important implications for our operations, and I need to hear from you.

Attachment

cc: Larry Jensen



DEPARTMENT OF THE ARMY
OFFICE OF THE ASSISTANT SECRETARY
WASHINGTON, DC 20310-0103

17 JAN 1986

Honorable John H. Chafee
Chairman
Subcommittee on Environmental Pollution
Committee on Environment and
  Public Works
United States Senate
Washington, D. C. 20510

Dear Mr. Chairman:

Attached is the agreement which our agencies have consummated concerning the definition of fill issue which came up a number of times in the oversight hearings in 1985. As you will recall, our agencies had targeted this for completion by this time, and we are pleased to transmit to you herewith our agreement.

Because of our desire to comply with the mutually agreed upon schedule, we have not consulted with parties outside our agencies to the extent we would have otherwise preferred. In part because of this, we plan to publish this agreement in the <u>Federal Register</u> as soon as practicable so that interested parties can comment prior to implementation of the agreement 90 days hence. This will also give you and your staff an opportunity to comment.

We appreciate the leadership role you and your Sub-committee played in resolving this very difficult issue.

Sincerely,

Jennifer Joy Manson
Assistant Administrator
for External Affairs,
Environmental Protection
Agency

Robert K. Dawson
Assistant Secretary of
the Army (Civil Works)

OPTIONAL FORM 99 (7-90)
FAX TRANSMITTAL  # of pages ▶ 6
To Eric Onderkirk   From Bill Riley
Dept/Agency         Phone #
Fax #               Fax #
NSN 7540-01-317-7368  5099-101  GENERAL SERVICES ADMINISTRATION

January 17, 1986

MEMORANDUM OF AGREEMENT BETWEEN THE
ASSISTANT ADMINISTRATORS FOR EXTERNAL AFFAIRS AND WATER
U.S. ENVIRONMENTAL PROTECTION AGENCY
AND THE ASSISTANT SECRETARY OF THE ARMY FOR CIVIL WORKS
CONCERNING REGULATION OF DISCHARGES OF
SOLID WASTE UNDER THE CLEAN WATER ACT

A. **Basis of Agreement**

1. Whereas the Clean Water Act has as its principal objective the requirement "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters; and,

2. Whereas Section 301 of the Clean Water Act prohibits the discharge of any pollutant into waters of the United States except in compliance with Sections 301, 302, 306, 307, 318, 402, and 404 of the Act; and

3. Whereas EPA, and States approved by EPA, have been vested with authority to permit discharges of pollutants, other than dredged or fill material, into waters of the United States pursuant to Section 402 of the Clean Water Act that satisfy the requirements of the Act and regulations developed to administer this program promulgated in 40 CFR 122-125; and

4. Whereas the Army, and States approved by EPA, have been vested with authority to permit discharges of dredged or fill material into waters of the United States that satisfy the requirements of the Act and regulations developed to administer this program promulgated in 33 CFR 320 _et seq._ and 40 CFR 230 _et seq._; and

5. Whereas the definitions of the term "fill material" contained in the aforementioned regulations have created uncertainty as to whether Section 402 of the Act or Section 404 is intended to regulate discharges of solid waste materials into waters of the United States for the purpose of disposal of waste; and

- 2 -

6. Whereas the Resource Conservation and Recovery Act Amendments of 1984 (RCRA) require that certain steps be taken to improve the control of solid waste; and

7. Whereas interim control of such discharges is necessary to ensure sound management of the Nation's waters and to avoid complications in enforcement actions taken against persons discharging pollutants into waters of the United States without a permit;

8. The undersigned agencies do hereby agree to use their respective abilities cooperatively in an interim program to control the discharges of solid waste material into waters of the United States.

B. Procedures

1. When either agency is aware of a proposed or an unpermitted discharge of solid waste into waters of the United States, the agency will notify the discharger of the prohibition against such discharges as provided in Section 301 of the Clean Water Act. Such notice is not a prerequisite for an enforcement action by either agency.

2. Normally, if an activity in B.1 above warrants action, EPA will issue an administrative order or file a complaint under Section 309 to control the discharge.

3. In issuing a notice of violation or administrative order or in filing a complaint, it is not necessary in order to demonstrate a violation of Section 301(a) of the Clean Water Act to identify which permit a permitless discharge should have had. However, after an enforcement action has commenced, a question may be raised by the court, discharger, or other party as to whether a particular discharge having the effect of replacing an aquatic area with dry land or of changing the bottom elevation of a water body meets the primary purpose test for "fill material" in the Corps definition (33 CFR 323.2(k)). For example, such question may be raised in connection with a defense, or it may be relevant to the relief to be granted or the terms of a settlement.