# Information Paper

US Army Corps
of Engineers
Walla Walla District

Date: October 17, 1990

---

## J.R. SIMPLOT COMPANY
### 071-OYC-4-003253

Processing was initiated on May 12, 1988, in response to a permit application from the J.R. Simplot Company to construct a tailings pond at their Smoky Canyon Phosphate Mine located near the Idaho-Wyoming border east of Blackfoot Reservoir. The tailings pond is proposed to be located in the Tygee Creek valley adjacent to the mine. The tailings pond will cover approximately 450 acres, which includes 137 acres of wetlands. A Section 404 permit is required for the containment dam and for the diversion structure which will divert Tygee Creek into a new channel around the tailings pond. A Public Notice was prepared and distributed on May 26, 1988.

One of the initial issues in this permit decision involved the scope of our review. It was our opinion that the Section 404 discharges were incidental and secondary in comparison to the discharge of tailings. It is the discharge of tailings that will eliminate most of the 137 acres of wetlands, the sage grouse lek, and the sandhill crane nests. The containment dam and diversion structure will eliminate less than six acres of wetlands. Therefore, we felt that the Environmental Protection Agency (EPA) should take the lead regulatory role for the project with our assistance. We wrote to Mr. Robie Russell, EPA Regional Administrator, on June 16, 1988, and requested a determination of whether or not a Section 402 permit would be required. In their reply, dated July 1, 1988, they indicated that the major adverse environmental effects of the project were attributable to the dam and diversion structures and, therefore, the Section 404 process was most appropriate to evaluate this project. They also recommended that the Corps prepare a supplemental environmental impact statement to address the impacts of the entire project.

It was our opinion that, in accordance with the Memorandum Of Agreement with EPA on the regulation of solid waste discharges, the discharge of tailings into wetlands adjacent to Tygee Creek should be regulated by EPA under Section 402 of the Clean Water Act. Meetings were held

Exhibit 46, page 1 of 3

J.R. SIMPLOT COMPANY
071-OYC-4-003253
(continued)

between the Walla Walla District, North Pacific Division, and the EPA to resolve the above differing views. During these meetings, EPA stated that to comply with their policy, a National Pollutant Discharge Elimination System permit could not be processed for the Simplot mine waste discharges. Based on this position, we decided that, in order to comply with National Environmental Policy Act, we would evaluate all of the direct and indirect impacts resulting from the project. However, the permit would only authorize the discharge of fill material for the containment dam and the diversion structure. EPA agreed to cooperate in the preparation of an Environmental Impact Statement if the Corps determined that one was necessary to fully assess project impacts. They also agreed that their initial recommendation that the Corps prepare an Environmental Impact Statement was premature, pending a preliminary review of environmental impacts. We decided that we would prepare an Environmental Assessment for the project.

The applicant hired an independent consultant to compile information concerning the environmental impacts of the project, develop a plan to mitigate for the impacts, and analyze alternatives to the project. Anticipated project impacts include the elimination of 137 acres of degraded wetlands, two sandhill crane nest sites, a sage grouse courtship area known as a lek, and the potential ground-water contamination by tailings pond water. The consultant's final report was submitted on June 5, 1990.

This report was distributed to concerned resource agencies for their review and final comments. Both the Environmental Protection Agency and the U.S. Fish and Wildlife Service indicated that they had objections to issuance of a permit as proposed. We prepared our draft Decision Document and initiated informal consultation with both EPA and USFWS indicating that based on our review and evaluation, it appeared appropriate to issue a permit for the project over their objections.

In response to the informal consultation with EPA and USFWS, they continued to object to issuance of the permit. One of EPA's objections was that our analysis of alternatives did not provide adequate information on the cost of the alternatives. We felt that this was a valid comment and, therefore requested more detailed information

**J.R. SIMPLOT COMPANY**
<u>071-OYC-4-003253</u>
(continued)

from J.R. Simplot Company on the cost of two specific alternatives which are otherwise feasible. When this information is received, we will revise our Decision Document and continue with the elevation process.

In response to a request from Idaho's Congressional representatives' staff, a meeting was held on-site on October 16, 1990. The purpose of the meeting was to discuss agency objections to issuance of the permit. EPA and USFWS explained their objections which were unchanged as a result of the meeting.

CENPW-OP-RF
INFSMPLT. RF