Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE, <br><br> Defendants, <br><br> and <br><br> COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA, <br><br> Intervenor-Defendants. | Case No. J05-0012 CV (JKS) |

**DECLARATION OF COUNSEL**

I, Demian Schane, hereby declare:

1.  I am one of the attorneys representing Plaintiffs in this case. I submit this declaration pursuant to Local Rule 7.2(c)(1)[A], in support of Plaintiffs' Motion for Leave to File Their Reply Brief on Count I in Excess of the Page Limit, filed today.

2.  Plaintiffs seek expedited consideration to avoid any delay in consideration of the merits of this case. Coeur Alaska, Inc. is currently constructing the Kensington mine. This action challenges an important permit needed for the mine. The parties previously agreed to an expedited schedule on the merits in an attempt to avoid the need for preliminary injunction proceedings.

3.  As part of its mining operations, Coeur intends to discharge 210,000 gallons of mine tailings per day into a lake. At present, Coeur has clearcut the trees around the lake, *see* Pl. Ex. 50 (attached to Plaintiffs' Reply Brief on Count I), and will soon construct a permanent dam 90 feet high and 500 feet long at the base of the lake in order to block all flow and prepare the lake for its use as a waste disposal site.

4.  It is impossible to identify a specific date by which it is critical to have a resolution of this dispute. The dates will depend on weather and on construction decisions by Coeur that are beyond the control of Plaintiffs. While the harm is progressively worse over time, the construction of the dam is of particular concern to Plaintiffs because of the significant adverse effect it will have on Slate Lake. Plaintiffs understand that dam construction is scheduled to begin approximately on July 1, 2006.

5.  If time is not shortened on the motion to file an over-length reply brief, presentation of the full briefing to the Court could be delayed by three weeks, approximately half the time between now and the anticipated start of construction for the dam. This delay would greatly increase the likelihood that Plaintiffs will need to seek a preliminary injunction.

6. Plaintiffs have attempted to avoid the need for this motion by requesting the agreement of Defendants and Intervenor-Defendants to allow Plaintiffs to file an over-length reply brief. Yesterday, I e-mailed and telephoned counsel for all other parties to this case. I was unable to contact counsel for Goldbelt. Counsel for the other parties stated that they would not take a position in advance of the filing of the motion.

I declare under penalty of perjury that the foregoing is true and correct.

May 17, 2006
Date

Demian A. Schane