John C. Berghoff, Jr., ILBA# 0181528
Michael P. Rissman, ILBA# 6194350
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600/Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mrissman@mayerbrownrowe.com
Attorneys for Defendant-Intervenor Coeur Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., ) ) ) | |
| ) | Case No. J05-0012 CV (JKS) |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., ) ) ) | **COEUR ALASKA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO** |
| Defendants. ) | **LOCAL RULE 7.1(h)(1)[B]** |

On May 15, 2006, the United States Supreme Court unanimously decided a Clean Water Act case, *S.D. Warren Co. v. Maine Board of Environmental Protection*, No. 04-1527 (May 15, 2006) (slip opinion attached hereto).

At issue in *S.D. Warren* was the term "discharge" as used in Section 401 of the Clean Water Act.  The term is not defined in the statute, and therefore the Court interpreted the term "in accordance with its ordinary or natural meaning," slip op. at 4, although the Court stated that had EPA "formally settled the definition, or even set out agency reasoning," that would have "command[ed] deference from this Court."  Slip op. 6.

The above-referenced portion of the Supreme Court's opinion supports the discussion at pages 25-26 and 34 of Coeur Alaska's brief of the judicial deference due agency interpretation of

the Clean Water Act and of the agency's implementing regulations.  Brief in Opp. to Plaintiffs' Mot. for Summary Judgment at 25-26, and 34  [Docket No. 71].

In its analysis, the Supreme Court considered distinctions between the language of separate sections of the Clean Water Act, stating:

> Congress probably distinguished the terms "discharge" and "discharge of pollutants" deliberately, in order to use them in separate places and to separate ends. ... [W]hen Congress fine-tunes its statutory definitions, it tends to do so with a purpose in mind.  *See Bates v. United States*, 522 U.S. 23, 29-30 (1997) (if "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (internal quotation marks omitted)).

Slip op. at 12.  The Court emphasized the importance of "know[ing] the definitions of the various terms used and a careful reading of the definitions" when interpreting "a complicated statute like the Clean Water Act, where technical definitions are worked out with great effort in the legislative process."  Slip op. at 8 (quoting legislative history of Section 402).   These portions of the Supreme Court's opinion support the discussion on page 23 of Coeur Alaska's brief describing how Congress distinguished between Section 402 (which references Section 306) and Section 404 (which does not).

DATED this 23rd day of May, 2006.         Respectfully submitted,

>                                                                MAYER, BROWN, ROWE & MAW LLP
>                                                                Attorneys for Defendant-Intervenor
>                                                                COEUR ALASKA, INC.
>
>                                                                /s/ John C. Berghoff, Jr._____
>                                                                John C. Berghoff, Jr., ILBA# 0181528
>                                                                Michael P. Rissman, ILBA# 6194350
>                                                                71 South Wacker Drive
>                                                                Chicago, IL  60606
>                                                                Phone: (312) 782-0600
>                                                                Fax: (312) 701-7711
>                                                                jberghoff@mayerbrownrowe.com
>                                                                mrissman@mayerbrownrowe.com

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2006, a true and correct copy of the foregoing, along with accompanying documents, was served electronically on Demian A. Schane and Thomas S. Waldo (representing plaintiffs), Mark Nitczynski and Richard L. Pomeroy (representing federal defendants), Ruth Hamilton Heese and Cameron M. Leonard (representing defendant-intervenors), and David C. Crosby (representing defendant-intervenor Goldbelt, Inc.). A courtesy copy was sent via email to Jim Ustasiewski.


/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 782-0600
Fax: (312) 701-7711
Email: jberghoff@mayerbrownrowe.com
ILBA# 0181528

*SEACC, et al. v. U.S. Army Corps of Engineers, et al.,* J05-0012 CV (JKS)
Coeur Alaska's Notice of Supplemental Authority