Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE,<br><br>Defendants,<br><br>and<br><br>COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA,<br><br>Intervenor-Defendants. | Case No. J05-0012 CV (JKS) |

**DECLARATION OF COUNSEL**

I, Demian A. Schane, hereby declare:

1. I am one of the attorneys representing Plaintiffs in this action. I submit this declaration pursuant to Local Rule 7.2(c)(1)[A], in support of Plaintiffs' Motion for Shortened Time and Expedited Consideration, filed today.

2. Plaintiffs seek expedited consideration of their request for a status conference because construction at the mine site and around Lower Slate Lake, in particular, has been rapidly proceeding and Plaintiffs want to ensure that there is sufficient time to seek, if necessary, preliminary injunctive relief.

3. Representatives of Plaintiff Southeast Alaska Conservation Council flew over the mine site area on July 6, 2006. Based on their observations, it appears that Coeur Alaska has completed clearcutting the trees around the lake, constructed a road from the mine site to the lake, and constructed a pipeline which diverts water flow from Slate Creek around the lake. In addition, there appears to be dewatering equipment at the lake's outflow area with which Coeur Alaska is pumping water from the lake. The implementation of the diversion pipeline and dewatering equipment have lowered the water level of the lake, which I understand is necessary for the construction of the permanent dam at the lake's outfall. Under Coeur Alaska's proposal, it will build a dam, 90 feet high and 500 feet long, to create an impoundment that will ultimately serve as the repository for approximately 4.5 million tons of mine tailings.

4. Given the substantial construction around the lake, Plaintiffs expect that construction of the permanent dam is imminent. Plaintiffs, however, cannot say when such construction will begin or provide other significant dates relating to their request for a status conference since Plaintiffs do not have precise information about Coeur Alaska's construction schedule. I have contacted counsel for Federal Defendants, Coeur Alaska, Goldbelt, and the State of Alaska. Counsel for Federal Defendants, Goldbelt, and the State do not have that information. Counsel

for Coeur Alaska stated that he would not discuss Coeur Alaska's construction schedule directly with counsel for Plaintiffs but would do so in the context of a status conference with the Court and other parties. Accordingly, expedited consideration is necessary to ensure the parties can hold a status conference promptly and determine whether preliminary injunction proceedings are necessary.

5. This Court previously expedited the briefing of the merits in recognition of the parties' interest in trying to avoid preliminary injunction proceedings. Depending on the Court's schedule and Coeur Alaska's construction plans, those proceedings may be unnecessary. A status conference would allow Plaintiffs to make such a determination.

6. Counsel for Federal Defendants and Intervenor-Defendants Coeur Alaska, Goldbelt, and the State of Alaska have informed me that they will take a position on Plaintiffs' Request for a Status Conference after reviewing the motion. Counsel for Intervenor-Defendant Goldbelt also noted that he will be on vacation after Friday, July 14, but he can be available for a teleconference.

I declare under penalty of perjury that the foregoing is true and correct.

July 12, 2006
Date

_Demian A. Schane_
Demian A. Schane