Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE, | ) ) ) ) ) ) ) ) | Case No. J05-0012 CV (JKS) |
| Defendants, | ) ) | |
| and | ) ) | |
| COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA, | ) ) ) | |
| Intervenor-Defendants. | ) | |

**PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, Plaintiffs Southeast

Alaska Conservation Council, Sierra Club, and Lynn Canal Conservation hereby move for an

injunction pending appeal.  The Court issued its judgment in favor of Defendants today, and

Plaintiffs intend to file a notice of appeal within the next few days.  Plaintiffs request that the

Court enjoin the Federal Defendants and Coeur Alaska, Inc., from authorizing, allowing , or

conducting any further activities in connection with the use of Lower Slate Lake as a waste

disposal site, including cutting trees, building roads, clearing shrubs, excavating wetlands,

building dams or other structures, and altering the natural water level of Lower Slate Lake or the

natural flow of East Fork Slate Creek, until the Ninth Circuit reaches a final decision on

Plaintiffs' appeal.  Construction activities relating to the use of Lower Slate Lake as a waste

disposal site are ongoing and Coeur Alaska will shortly begin or has already begun construction

of a permanent dam at the lake's outflow.  Accordingly, an injunction pending appeal is

necessary to preserve Plaintiffs' ability to obtain effective relief.

The standards for an injunction pending appeal under Rule 62(c) are similar to those for

the issuance of a preliminary injunction.  *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.

1983) (denying stay of injunction pending appeal); *Thomas v. City of Evanston*, 636 F. Supp.

587, 590-91 (N.D. Ill. 1986) (granting stay of injunction pending appeal); *Schrader v. Idaho*

*Dep't of Health & Welfare*, 590 F. Supp. 554, 560 (D. Idaho 1984) (granting an order to stay the

dissolving of a preliminary injunction), *rev'd on other grounds*, 768 F.2d 1107 (9th Cir. 1985);

11 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2904 at 501 (2d ed. 1995).  In

the Ninth Circuit, a court may issue a preliminary injunction based on two alternative sets of

findings:

> Under the "traditional" criteria, a plaintiff must show "(1) a strong
> likelihood of success on the merits, (2) the possibility of irreparable injury to
> plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the
> plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson*
> *v. Cal. State Bd. of Accountancy,* 72 F.3d 1427, 1430 (9th Cir. 1995).
> Alternatively, a court may grant the injunction if the plaintiff "demonstrates *either*

> a combination of probable success on the merits and the possibility of irreparable
> injury *or* that serious questions are raised and the balance of hardships tips
> sharply in his favor." *Id.* (citations omitted) (emphasis in original). "These two
> alternatives represent 'extremes of a single continuum,' rather than two separate
> tests." *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810 (9th Cir.
> 2003). "Thus, the greater the relative hardship to [the party seeking the
> preliminary injunction,] the less probability of success must be shown." *Id.*
> (citation omitted) (alteration in original).

*Earth Island Inst. v. United States Forest Serv.*, 351 F.3d 1291, 1297-98 (9th Cir. 2003); *see also*

*Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1124 (9th Cir. 2002) (stating that where a plaintiff

has shown a strong likelihood of success on the merits, it need "only to make a minimal showing

of harm to justify the preliminary injunction").

Significantly, even when the district court denies a request for preliminary or permanent

injunction, the same court may enter an injunction pending appeal. Courts will enter such an

injunction when the plaintiffs have raised serious legal questions and will suffer irreparable harm

without injunctive relief while the matter is pending on appeal. *See Thiry v. Carlson*, 891 F.

Supp. 563, 566 (D. Kan. 1995), *aff'd on the merits*, 78 F.3d 1491 (10th Cir. 1996); *Dayton*

*Christian Schools v. Ohio Civil Rights Comm'n*, 604 F. Supp. 101, 103 (S.D. Ohio 1984), *rev'd*

*on other grounds*, 766 F.2d 932 (6th Cir. 1985), *rev'd* 477 U.S. 619 (1986); *Schrader*, 590

F. Supp. at 560-61. An injunction is entered to "guarantee that the appellate court's opinion,

whatever it may be, will be *effective* -- from a practical consideration -- in resolving the

litigation." *Dayton Christian Schools*, 604 F. Supp. at 105 (emphasis in original).

*Schrader v. Idaho Department of Health and Welfare* provides a good example of the

importance of an injunction pending appeal. In that case, the district court ruled against the

plaintiff on the merits, but granted the injunction pending appeal. 590 F. Supp. at 560-61. The

Ninth Circuit reversed on the merits, in favor of the plaintiff. *See Schrader v. Idaho Dep't of*

*Health and Welfare*, 768 F.2d 1107 (9th Cir. 1985).  Without the injunction pending appeal, the

plaintiff would have been deprived of the relief to which she was entitled.

Similarly, in *Wyoming Farm Bureau Federation v. Babbitt*, the district court found that a

program that had reintroduced wolves into the Yellowstone ecosystem violated the Endangered

Species Act, and it ordered all the wolves and their offspring removed.  987 F. Supp. 1349, 1376

(D. Wyo. 1997).  "Given the importance of the issues presented and the ramifications" of its

Order, however, the court *sua sponte* stayed its own decision pending appeal.  *Id.*  The Tenth

Circuit reversed, upholding the wolf reintroduction program.  *Wyo. Farm Bureau Fed'n v.*

*Babbitt*, 199 F.3d 1224 (10th Cir. 2000).  If not for the stay pending appeal, Yellowstone would

have been emptied of wolves again, even though the program ultimately was upheld.

In this case, Plaintiffs have raised substantial legal questions going to the merits of their

claims.  *See* Pls. Opening Br. (Docket No. 41); Pls. Reply Br. (Docket No. 94).  Although this

Court has ruled against Plaintiffs on the merits, those substantial legal questions support an

injunction pending appeal.  *See, e.g., Thiry*, 891 F. Supp. at 566; *Dayton Christian Schools*, 604

F. Supp. at 102-05; *Thomas*, 636 F. Supp. at 590 ("[A] party seeking a stay need not show that it

is more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a

stay.").  As in *Schrader* and *Wyoming Farm Bureau*, the Court of Appeals could decide the

matter differently.

Moreover, there is a considerable need to avoid irreversible environmental harm while

the appellate court decides Plaintiffs' claim.  Coeur Alaska is currently dewatering the lake and

is preparing to construct, or already constructing, an enormous, permanent dam, 90 feet high and

500 feet long, at the base of Lower Slate Lake.  *See* Declaration of Counsel, attached to

Plaintiffs' Motion for Shortened Time filed today.  As explained in Plaintiffs' briefs on the

merits, the construction of the dam will cause irreparable harm by changing the natural ecology

of the area, diverting the natural surface flows, and destroying rare and ecologically important

emergent wetlands.  Following dam construction and completion of the mine, Coeur will begin

discharging 210,000 gallons of tailings per day into the lake, killing all of the aquatic life.  *See*

Pls. Opening Br. at 43 (Docket No. 41).  Absent an injunction, all of this harm could occur

before the court of appeals is able to reach a decision.

By contrast, the requested injunction will not cause significant harm to Federal

Defendants or Coeur Alaska.  There may be some costs associated with delay while the court of

appeals addresses the case, but Plaintiffs are willing to stipulate to an expedited schedule in the

Ninth Circuit to minimize this.  Further, any financial harm to Defendants is "generally not an

adequate basis for denying injunctive relief where plaintiffs show a sufficient likelihood of

environmental injury."  *Stein v. Barton*, 740 F. Supp. 743, 757 (D. Alaska 1990) (citing *People*

*ex rel. Van de Kamp v. Marsh,* 687 F. Supp. 495, 501 (N.D.Cal.1988)).  *See also Nat'l Parks &*

*Conservation Ass'n v. Babbitt*, 241 F.3d 722, 738 (9th Cir. 2001) (cruise ship company's "loss of

anticipated revenues, however, does not outweigh the potential irreparable damage to the

environment"); *Idaho Sporting Cong. v. Alexander*, 222 F.3d 562, 569 (9th Cir. 2000) (holding

that the financial hardship to the Forest Service, intervenor-defendants, and local communities

did not outweigh environmental harm from the logging of old-growth forests); *League of*

*Wilderness Defenders v. Forsgren*, 184 F.Supp.2d 1058, 1071 (D.Or.2002) (in a case brought

under National Environmental Policy Act (NEPA), court held that while "the record indicates

that a preliminary injunction could present a financial hardship to the Forest Service, the

intervenor, and the communities that support the intervenor, this possible financial hardship is

outweighed by the potential environmental injury that could be caused in the absence of an

injunction"); *Greenpeace Found. v. Mineta*, 122 F.Supp.2d 1123, 1138-39 (D. Hawai'i 2000) (in

a NEPA case, court held that financial harm of two million dollars does not constitute "unusual

circumstances" warranting the denial of preliminary injunction).  Because Plaintiffs have raised

serious questions going to the merits of their claims and because the continued construction

activities relating to the conversion of Lower Slate Lake into a waste disposal site will cause

irreparable harm, the balance of harms tips sharply in favor of entering an injunction pending

appeal.

For those reasons, the Court should grant Plaintiffs' motion and enjoin any additional

construction activities relating to the use of the lake as a waste disposal site until the Ninth

Circuit reaches a final decision on Plaintiffs' appeal.

Respectfully submitted this 4th day of August, 2006,


 /s/ Thomas S. Waldo
Thomas S. Waldo (ABA# 9007047)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph:  907-586-2751
Fax:  907-463-5891
Email:  twaldo@earthjustice.org

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Thomas S. Waldo, certify that on August 4, 2006, a true and correct copy of PLAINTIFFS'
MOTION FOR INJUNCTION PENDING APPEAL, and accompanying documents, was served
electronically to Mark A. Nitczynski, Richard L. Pomeroy, John C. Berghoff, Jr., David C.
Crosby, Ruth Hamilton Heese, Cameron M. Leonard, John W. Hartle, Amy Gurton Mead,
Stephen F. Sorensen, and Lawrence L. Hartig.  A courtesy copy was also sent via e-mail to Jim
Ustasiewski.


/s/ Thomas S. Waldo
Thomas S. Waldo