Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE, <br><br> Defendants, <br><br> and <br><br> COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA, <br><br> Intervenor-Defendants. | Case No. J05-0012 CV (JKS) |

**DECLARATION OF COUNSEL**

I, Thomas S. Waldo, hereby declare:

1. I am one of the attorneys representing Plaintiffs in this action. I submit this declaration pursuant to Local Rule 7.2(c)(1)[A], in support of Plaintiffs' Motion for Shortened Time and Expedited Consideration, filed today.

2. Plaintiffs seek expedited consideration of their motion for injunction pending appeal because construction at the mine site and around Lower Slate Lake, in particular, has been proceeding rapidly and Plaintiffs want to ensure that the lakes is not irreparably harmed while this motion and their appeal are decided.

3. Representatives of Plaintiff Southeast Alaska Conservation Council flew over the mine site area on July 6, 2006. Based on their observations, it appears that Coeur Alaska has completed clearcutting the trees around the lake, constructed a road from the mine site to the lake, and constructed a pipeline which diverts water flow from Slate Creek around the lake. In addition, there appeared to be dewatering equipment at the lake's outflow area with which Coeur Alaska is pumping water from the lake. The implementation of the diversion pipeline and dewatering equipment have lowered the water level of the lake, which I understand is necessary for the construction of the permanent dam at the lake's outfall. Under Coeur Alaska's proposal, it will build a dam, 90 feet high and 500 feet long, to create an impoundment that will ultimately serve as the repository for approximately 4.5 million tons of mine tailings.

4. Given the substantial construction around the lake as of four weeks ago, Plaintiffs believe that construction of the permanent dam is underway or imminent. Plaintiffs, however, cannot provide more current information or provide other significant dates because they do not have precise information about Coeur Alaska's construction schedule. Plaintiffs have not had a recent opportunity to view the mine site. We have contacted counsel for Coeur Alaska to seek this information. Last month, he stated that he would not discuss Coeur Alaska's construction

schedule directly with counsel for Plaintiffs but would do so in the context of a status conference with the Court and other parties. I left a voice mail message with him again shortly after receiving this Court's summary judgment decision and judgment, but he has not returned my call.

5. I did speak with counsel for Federal Defendants, who had tried but failed to get information on the status of mine construction. We could not agree on an expedited schedule for briefing the injunction pending appeal. I attempted to call counsel for Goldbelt. According to his receptionist, he is out of the office until August 14 but responding to email. I sent him an email informing him of our intent to file the motion for injunction pending appeal and for shortened time. I also left a voice mail message with counsel for the State of Alaska, but he has not called me back.

I declare under penalty of perjury that the foregoing is true and correct.

8/4/06
Date

Thomas S. Waldo