Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE, <br><br> Defendants, <br><br> and <br><br> COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA, <br><br> Intervenor-Defendants. | Case No. J05-0012 CV (JKS) |

**PLAINTIFFS' REPLY ON THEIR MOTION FOR SHORTENED TIME AND EXPEDITED CONSIDERATION**

*SEACC v. U.S. Army Corps of Eng'rs*
J05-0012 CV (JKS)

Federal Defendants and Intervenor-Defendants Coeur Alaska and Goldbelt have opposed Plaintiffs' motion for expedited consideration on the ground that two days is not enough time to respond. *See* Docket Nos. 121, 122, & 124. The parties, however, have fully brief the merits of this case and Plaintiffs' previous request for permanent injunctive relief. Therefore, for Plaintiffs' motion for an injunction pending appeal, the parties need only brief whether an injunction is appropriate during the period of time required to decide the appeal, a small subset of the issues already briefed. Given the amount of briefing that has already occurred, two days is more than enough time to brief that question. Indeed, Plaintiffs filed their motion on the same day that the Court issued its decision.

The need for shortened time arises solely from the fact that Coeur Alaska is causing irreparable harm by proceeding with construction of the mine, including a permanent dam in Lower Slate Lake. Coeur Alaska's decision to proceed in this manner means that the company and other defendants must be prepared to brief injunctive relief on a shortened schedule.

Intervenor-Defendant Goldbelt asserts that, since Plaintiffs did not seek a preliminary injunction, they are not entitled to a shortened time period now. Plaintiffs, however, have consistently sought to have this case decided on an expedited basis with the express purpose of avoiding the need for preliminary injunction proceedings. Given the expedited schedule for briefing and deciding the merits, it is unlikely that a motion for preliminary injunction could have been decided any faster, and may simply have delayed a final decision on the merits. Plaintiffs have proceeded in the most prompt and responsible manner possible. Shortened time is now necessary and appropriate given the little work needed to brief the motion and the irreparable harm caused by the construction of the dam and related work at Lower Slate Lake.

Respectfully submitted this 7th day of August, 2006,

    /s/ Thomas S. Waldo
Thomas S. Waldo (ABA# 9007047)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: twaldo@earthjustice.org

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Thomas S. Waldo, certify that on August 7, 2006, a true and correct copy of PLAINTIFFS' REPLY ON THEIR MOTION FOR SHORTENED TIME AND EXPEDITED CONSIDERATION, with accompanying documents, was served electronically to Mark A. Nitczynski, Richard L. Pomeroy, John C. Berghoff, Jr., David C. Crosby, Ruth Hamilton Heese, Cameron M. Leonard, John W. Hartle, Amy Gurton Mead, Stephen F. Sorensen, and Lawrence L. Hartig.  A courtesy copy was also sent via e-mail to Jim Ustasiewski.

/s/ Thomas S. Waldo
Thomas S. Waldo