UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

<u>SOUTHEAST ALASKA CONSERVATION COUNCIL *ET AL*</u>  v.  <u>ARMY CORPS OF ENGINEERS *ET AL*</u>

HONORABLE JAMES K. SINGLETON, JR

DATE: August 10, 2006                                                        CASE NO. <u>1:05-cv-00012-JKS</u>

PROCEEDINGS:    **MINUTE ORDER FROM CHAMBERS**
**Re: Motion at Docket No. 120**

      At Docket No. 120 Plaintiffs have moved for an expedited hearing on their Motion for Injunction Pending Appeal filed at Docket No. 119.  The motion has been opposed by defendant-intervener Coeur Alaska, Inc. (Docket No. 121), defendant-intervener Goldbelt, Inc. (Docket No. 122), defendant United States Army Corps of Engineers (Docket No.124), and defendant-intervener State of Alaska (Docket No. 127).  Plaintiffs have replied (Docket No. 126).

      Upon consideration of the moving papers and oppositions thereto, the Court having determined that Plaintiffs have not shown that they will suffer any irreparable injury or harm if the motion for an injunction pending appeal is heard in the ordinary course and time for such proceedings, and having concluded that an abbreviated briefing schedule would not permit the parties adequate time to brief the issues of fact and law,

      IT WILL BE  ORDERED THAT Plaintiffs' motion for expedited hearing at Docket No. 120 should be denied.

      The court has considered whether to grant a temporary injunction akin to a temporary restraining order limited to the time necessary to brief the motion at Docket No. 119 at this level and has concluded that no such order should be issued.

      An injunction on appeal pursuant to FED. R. CIV. P. 62(c) is governed by the same standards utilized in determining whether to grant an injunction under FED. R. CIV. P. 65. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.) *rev'd in part on other grounds*, 463 U.S. 1328 (1983); *Municipality of Anchorage v. Alaska*, 393 F.Supp.2d 958, 960 (D. Alaska 2005).  Essentially courts in the Ninth Circuit, following *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), apply a sliding scale balancing the likelihood that the moving party will prevail against the harm to be anticipated to a party if the injunction is granted or denied.  If the moving party establishes a likelihood of success on the merits and irreparable injury if an injunction is denied, the injunction should issue.  Failing this a moving party must show at least a possibility of success on the merits *i.e.* that reasonable jurists could differ on the controlling questions of law in light of the facts and that a balancing of the hardships as well as the public interest tilts in its favor.  Where the court has ruled in favor of one party and the other appeals it is unlikely that the court will find that the appellant will probably prevail on appeal.  Thus, the focus in a Rule 62(c) proceeding will be on whether the moving party has raised substantial issues and shown that a

balancing of hardships and the public interest tilts in its favor. Plaintiffs argue that in environmental cases proof that the challenged action will alter the environment automatically shows irreparable injury and that given Ninth Circuit rulings such injury will always take precedence over the primarily economic hardship traceable to enjoining the potential alteration of the environment *pendente lite*. Thus, plaintiffs recognize that they need only show that reasonable jurists could differ regarding the challenge to administrative action they present in order to obtain an injunction on appeal. In this case whether plaintiffs have raised significant issues turns on whether reasonable jurists could differ on Congressional intent regarding whether § 402 or § 404 should govern granting the permits at issue in this case. The Court at this stage is satisfied that Congress has made its intent clear and that reasonable jurists could not differ. Its reasons are set out in its order at Docket No. 117. This is the question that will occupy the parties attention in their briefing of the motion at Docket No. 119. Unless the court decides this issue in plaintiffs' favor *i.e.* that a reasonable jurist could ignore *Chevron* and conclude that Congress intended to govern the permits in this case under § 402 rather than under § 404 no injunction on appeal should issue since the court will not reach the question of balancing the hardships.

IT IS THEREFORE ORDERED:

The motion for expedited consideration at docket No. 120 is DENIED. The court will consider the matter after briefing in the ordinary course provided in D.Ak L.R. 7.