Demian A. Schane
Thomas S. Waldo
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Ph: 907-586-2751
Fax: 907-463-5891
Email: dschane@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, and LYNN CANAL CONSERVATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL TIMOTHY J. GALLAGHER, in his official capacity as District Engineer; LARRY L. REEDER, in his official capacity as Chief of the Regulatory Branch; DOMINIC IZZO, in his official capacity as Principal Deputy Assistant Secretary of the Army (Civil Works); and UNITED STATES FOREST SERVICE,<br><br>  Defendants,<br><br>  and<br><br>COEUR ALASKA, INC., GOLDBELT, INC., and the STATE OF ALASKA,<br><br>  Intervenor-Defendants. | Case No. J05-0012 CV (JKS) |

**DECLARATION OF ROBERT E. LINDEKUGEL**

I, Robert E. Lindekugel, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am the Conservation Director and Staff Attorney for the Southeast Alaska Conservation Council (SEACC), located in Juneau Alaska. I am an attorney licensed to practice in Alaska and have been employed by SEACC since 1990. I am familiar with SEACC's organizational purposes and goals.

2. One of my responsibilities as the Conservation Director and Staff Attorney is to manage the internal process whereby SEACC decides whether it will bring litigation in light of SEACC's mission and the importance of the case. As part of that process, SEACC considers the financial obligations and risks involved in the proposed environmental litigation. I submit this declaration to provide the Court with additional facts concerning SEACC's ability to post a bond in the above-referenced litigation.

3. SEACC is a non-profit organization of 17 volunteer citizen conservation groups in fourteen Southeast Alaskan communities. It has a paid permanent staff of 11 individuals. SEACC has nearly 1,800 individual members, which includes Alaskans from all walks of life such as commercial and sport fishermen, Alaska Natives, tourism and recreation business owners, hunters and guides. SEACC's purpose is to ensure that a substantial portion of this region is retained and protected in a minimally changed condition, while encouraging human enjoyment

and use of the fish, wildlife, recreation, subsistence, scenic, wilderness and other natural resources and values of Southeast Alaska. In order to achieve this purpose, SEACC advocates, on behalf of its members, for the conservation, protection, and wise long-term use of these resources.

4. SEACC also advocates for a sustainable regional economy consistent with retaining and protecting our region's natural resources. Conservative and sustainable use of southeast Alaska's resources is inseparable from the stewardship and protection necessary to provide for balanced, multiple-use of our natural environment. SEACC believes that environmental protection is a key component of sustainable use of our forests and other resources.

5. Litigation, although used only as a tool of last resort, plays an important role in carrying out SEACC's conservation goals. In recent years, SEACC has filed on average 2 to 3 lawsuits a year, in both federal and state court. The sole purposes of these lawsuits is to protect public lands and natural resources and to vindicate public rights. SEACC has no financial interest or personal stake in these cases.

6. SEACC's overall annual budget is less than one million dollars, the majority of which is dedicated to paying the salaries and expenses of SEACC's small staff. Its litigation budget for 2006 is $9,000.

**Exhibit 1, page 3 of 4**

7. The imposition of any bond other than a nominal one would have a chilling and concrete effect on the ability of SEACC to function as an organization, let alone prosecute lawsuits to advance public interests. If the financial burden of asserting public rights falls solely on the individual public interest litigant, then the incentives intentionally created by Congress to encourage citizen suits and to enforce compliance with environmental laws under the Administrative Procedure Act will be significantly reduced or eliminated.

8. SEACC cannot post a substantial injunction bond without ending or significantly reducing ongoing, environmental programs and/or laying off related program staff. If SEACC were forced to pay a substantial bond, it would be unable to pay the salaries and operating expenses of existing staff, thus crippling all of its programs.

9. In sum, a single substantial injunction bond would greatly impede or end SEACC's ability to carry out its mission to protect the public interest and public lands. Goldbelt, Inc.'s proposed bond would consume more than SEACC's entire budget for 2006. If SEACC were required to post bonds that were anything but nominal in its lawsuits, it could not bear the financial risk of litigating the majority of its cases.

I declare under penalty of perjury that the foregoing is true and correct.

_8/20/06_
Date

_Robert E. Lindekugel_ (signature)
Robert E. Lindekugel

Exhibit 1, page 4 of 4